Eddie LUCAS et al., Plaintiffs-Appellants,

v.

Joel CHAPMAN, Superintendent of Education, Bolivar County School District 3, et al., Defendants-Appellees.

No. 27687.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1970.

10. See *Ferguson*, supra, and Stevenson v. Board of Education, etc., 426 F.2d 1154 (5th Cir. 1970).

Armand Derfner, James A. Lewis, Taunya L. Banks, Jackson, Miss., for appellants.

Alfred A. Levingston, Cleveland, Miss., William Allain, Asst. Atty. Gen., Jackson, Miss., for appellees.

Before JONES, BELL and GOD-BOLD, Circuit Judges.

GODBOLD, Circuit Judge.

The appellant is a schoolteacher without tenure who, after eleven years in the system as a successful teacher and almost one year as a principal, was terminated by refusal to renew his one-year contract.

Lucas' termination came after he made remarks at a rump session of a PTA meeting, either expressly or im-

pliedly criticizing the school board and other faculty members. Other teachers in the system protested to the superintendent, and, on his recommendation, the board decided not to renew Lucas' contract.

Lucas sued, asking the injunctive relief of reinstatement or alternatively for damages, on the ground that his contract was not renewed because of his exercise of his right of free speech and his political and civil rights activities, and because his rights to procedural due process had been violated. The action is brought under 42 U.S.C. § 1983, Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir., June 2, 1970). The District Court denied relief but did not pass specifically on the procedural due process claim.

This case is controlled by Ferguson v. Thomas, 430 F.2d 852 (5th Cir., June 23, 1970). See also Greene v. Howard University, 134 U.S.App.D.C. 81, 412 F.2d 1128 (1969); Roth v. Board of Regents, etc., 310 F.Supp. 972 (W.D.Wis., March 12, 1970); Goldberg v. Kelly, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287, 296 (1970).[1]

■ Lucas had no tenure and his one-year contract was not breached. But his long employment in a continuing relationship through the use of renewals of short-term contracts was sufficient to give him the necessary expectancy of reemployment that constituted a protectible interest. Ferguson v. Thomas, supra; Pred v. Board of Public Instruction, etc., 415 F.2d 851 (5th Cir.1969); Greene v. Howard University, supra; Johnson v. Branch, 364 F.2d 177 (4th Cir.1966) (en banc), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1967); contra, Jones v. Hopper, 410 F.2d 1323 (10th Cir.1969) (en banc), cert. denied, 397 U.S. 991, 90 S.Ct. 1111 25 L.Ed.2d 399 (1970).

■ Lucas' termination did not meet the minimum standards of procedural due process. He was not given specific advice of the reasons for his termination. He was told at a board meeting of its decision. He did not receive specific advice of the names of those who complained of what he said, which was of particular importance because the information on which the superintendent, and indirectly the board, relied was in part hearsay and in part consisted of the subjective reactions of those protesting Lucas' speech. Lucas received no hearing attaining the most minimal due process standards. At the first board meeting he was told of the board decision and offered a chance to resign. Subsequently he requested a meeting with the board, but it was postponed. On the new date Lucas failed to appear, stating that he was ill. We need not decide whether this failure was a waiver of his right to a hearing because he had not received notice of the reasons and of the witnesses adequate for him to prepare for a hearing.

Under the teachings of *Ferguson* and Stevenson v. Board of Education, etc., 426 F.2d 1154 (5th Cir., May 26, 1970) we remand to the District Court with instructions that the matter be remanded by it to the school board for compliance with minimum due process standards of the nature described in *Ferguson* and in Dixon v. Alabama State Bd. of Educ., 294 F.2d 150 (5th Cir.1961).

■ Our holding should not be misunderstood. In this instance we know from the District Court hearing that the asserted reason for termination involved a possible collision with Lucas' First Amendment rights. A hearing was mandatory, if desired by Lucas. But where the only matter in issue is a difference of view over a school board's exercise of judgment and discretion concerning matters non-constitutional in nature, the board is not required to conduct a hearing. Freeman v. Gould Special School District, 405 F.2d 1153, 1161

---

1. For related cases, see Pred v. Board of Public Instruction, etc., 415 F.2d 851 (5th Cir. 1969); Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966) (en banc), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1967).

(8th Cir.1969).[2] There are in-between situations which are somewhat more difficult. If the board asserts a non-constitutional reason and the teacher claims it is a sham and that the real reason is one impinging on his constitutional rights, he must be afforded a hearing. Also, even in the area of non-constitutional reasons, the board's decision must not be wholly unsupported by evidence else it would be so arbitrary as to be a constitutional violation. Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302, 303, 71 L.Ed. 560, 563 (1927).

■ The board followed the recommendations of the superintendent, without whose recommendation no Mississippi school board may hire a teacher. Lott v. State ex rel. Kelly, 239 Miss. 97, 121 So.2d 402 (1960). This does not make the termination of Lucas unreviewable. The superintendent, and the superintendent-board combination, are as bound to follow constitutional requirements as the board would be acting alone. See Henry v. Coahoma County Bd. of Educ., 353 F.2d 648, 650 (5th Cir.1965) (concurring opinion of Judge Brown).

■ The District Court hearing does not, in this case, supplant the necessity for employment by the board of appropriate procedures. The case went to trial before the District Court on Lucas' claims that he had been discharged for political and civil rights activities. The claim based on the PTA meeting speech was added by amendment after the District Court hearing and on the basis of the evidence developed at the hearing. All this simply underscores that not only necessity but practicability, and the common sense fairness that rules in day to day dealings, require that if a teacher with a protectible interest opposes his termination he be told the reason and what supports the reason and given an opportunity to present his side if he desires.

The localized, less formalized, less adversary atmosphere of the board is the best forum to adjudicate and ameliorate problems of teacher rehiring to the mutual acceptability, if not the full satisfaction, of board and teacher. Abdication to the courts may be the short way across, but it may be the long way around, as in this case. The rights of the individual teacher, of teachers in general, of the school system and those taught in it, and the community, all coalesce in the desirability of notice and hearing at the local level.

■ The hearing which we require is one *nunc pro tunc*. Lucas is entitled to receive at this time the notice and hearing he was entitled to receive in the spring of 1968. Subsequent events do not deny him those rights nor may they affect the board's decision. Whether, in view of subsequent events, Lucas wishes notice and hearing he must decide, so in this instance we direct that if he desires a statement by the board of its reasons and its witnesses he must give written notice to the board of such desire, which must be furnished to him within 15 days of the receipt of the request, and, after receiving the statement, if he desires a hearing, he must give the board written notice of that desire within 15 days from such receipt.

Vacated and remanded with instructions. Costs shall be taxed against the defendants.

JONES, Circuit Judge (concurring specially):

There are, I think, legal principles which require the vacating and remand of the judgment of the district court. I do not think that appeals should be decided on the grounds of practicability and common sense fairness. I do not believe it is an appellate function to prescribe the manner of notice of a hearing

---

2. Of course, we speak here of the teacher who has neither contract nor tenure pro- visions independently providing for discharge only for cause.

before an administrative body such as a school board.

## ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.