433 F.2d 355
 Neale WOOD, a minor, by his mother and next friend, Katrina
Wood, Plaintiffs-Appellants,
v.
ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT et al.,
Defendants-Appellees.
 No. 29814 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 6, 1970.
 Frank Herrera, Jr., Herrera, Rocha & Segura, American Civil Liberties Union, San Antonio, Tex., for plaintiffs-appellants.
 George H. Spencer, Thomas M. Thurmond, San Antonio, Tex., for defendants-appellees; Clemens, Knight, Weiss & Spencer, San Antonio, Tex., of counsel.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is another haircut case. The recent decisions of this court have pointed to the necessity that before the federal courts intervene in cases such as this there must be 'such prior reference to local institutional authority as may be necessary to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication.' Stevenson v. Bd. of Education of Wheeler County, 426 F.2d 1154 (1970) (student grooming regulations); cf. Lucas v. Chapman, 430 F.2d 945 (1970) (failure to renew teacher contract). The District Court entered its opinion and judgment in this case prior to those decisions, therefore, we reach the merits instead of remanding to the local authorities.
 
 
 2
 The District Court found that the school regulations of hair and grooming were promulgated with the participation of students representing all facets of student life and embraced in large part the recommendations of the student participants. The appellant's objection is not that the regulation is too stringent or overbroad but that he has the right to be free of school regulation of his hair.
 
 
 3
 The District Court did not err in its conclusion that the regulation in question is not arbitrary or unreasonable and that it is sufficiently related to alleviating interference with the educational process. Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir.), cert. denied, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968); Davis v. Firment, 408 F.2d 1085 (5th Cir. 1969); Stevenson v. Wheeler County Bd. of Education, supra; Griffin v. Tatum, 425 F.2d 201 (1970).
 
 
 4
 Affirmed.