Luke **CALLAWAY**

v.

M. E. **KIRKLAND** et al.

Civ. A. No. 13997.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 25, 1971.

Ed Greenblatt, Richard C. Freeman, III, Haas, Holland, Levison & Gilbert, Atlanta, Ga., for plaintiff.

Hutcheson, Kilpatrick, Watson, Crumbley & Brown, Jonesboro, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

Pursuant to an agreement between the parties this teacher dismissal case has been submitted to the court for entry of a final order, which will summarize relief previously granted and dispose of all remaining issues. With these objectives in mind, the court considers it appropriate to review the case developments to date.

Pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331(a), 1343(3); plaintiff, a secondary school teacher, filed suit to obtain reinstatement, back pay, and damages,[1] alleging that his dismissal by defendants was in violation of his rights under the First and Fourteenth Amendments to the United States Constitution. The record indicates that from September, 1965, to March, 1970, plaintiff was continuously employed by defendant Clayton County Board of Education as an English teacher at Forest Park High School, where defendant Kirkland serves as principal. On March 19, 1970, plaintiff was dismissed from his teaching position for reasons which were enumer-

---

1. Plaintiff's claim for punitive damages and attorney's fees was withdrawn prior to trial on the damage issue.

ated in a letter of termination [2] from the Superintendent of Clayton County Schools, defendant Edmunds.

After this action was instituted both plaintiff and defendants moved for summary judgment. Upon consideration of these motions, it clearly appeared that plaintiff was not afforded procedural due process in connection with his dismissal. In an effort to follow the procedures outlined by the Fifth Circuit in recent teacher dismissal cases, the cross motions for summary judgment were denied without prejudice and the case was remanded to the Clayton County Board of Education for the purpose of affording plaintiff a hearing with regard to his dismissal.[3]

Subsequent to the order of December 29, 1970, remanding the case, the parties entered into an agreement of partial settlement which was approved by the court on February 2, 1971. By the agreement defendants agreed to pay plaintiff's salary for the period of March 19, 1970, the date of dismissal, to August 31, 1970, the date plaintiff's contract for the 1969–1970 school year expired. In exchange, plaintiff agreed to resign as of January 31, 1971, and defendants agreed to accept his resignation. In light of this partial settlement, it was determined that the hearing before the Clayton County Board of Education was no longer necessary and that the issues of damages and back pay for the period August 31, 1970 to January 31, 1971, should be submitted to the court.

With the assistance of an advisory jury, the court first tried plaintiff's claim for damages. After hearing the evidence, the jury returned a verdict of five thousand dollars ($5,000.00) in favor of plaintiff and the court accepted and approved the jury's verdict. It should be noted at this point that the award of damages is against defendants Kirkland and Edmunds and not against the Clayton County Board of Education. While it is not beyond dispute, it appears that in a § 1983 action, damages cannot be recovered against a political subdivision of a state. E. g., Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969); Brown v. Town of Caliente, Nevada, 392 F.2d 546 (9th Cir. 1968). Contra Wall v. Stanley County Board of Education, 378 F.2d 275 (4th Cir. 1967). This view stems from the decision of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), in which the Supreme Court held that a municipality is not a "person" within the meaning of § 1983 and cannot be held liable in a § 1983 action for damages.[4] However, in § 1983 cases in which injunctive relief is sought, the lower federal courts have granted equitable relief in suits against a state or one of its political subdivisions. E. g., Local 858 of American Federation of Teachers v. School District No. 1 in County of Denver, 314 F.Supp. 1069 (D.Colo.1970). The case law in this circuit seems to preclude damages, but not equitable relief, against a political subdivision of the state. Harkless v. Sweeny Independent School District, 427

---

2. The following reasons were given for plaintiff's dismissal:
   (1) Telling off-color jokes in class;
   (2) Use of "Playboy" magazine as a teaching aid;
   (3) Use of the film "Andalusian Dog";
   (4) Use of profanity in class;
   (5) Displaying a negative attitude;
   (6) Failing to follow the set curriculum.
   Of the above, plaintiff denies the conduct attributed to him, except as to the use of the film and "Playboy" magazine. The film allegedly depicts the work of Salvador Dali and Luis Bunuel and was used by plaintiff in connection with a literature class on surrealistic art forms.

As to the use of "Playboy", plaintiff allegedly read an article from the magazine written by Professor Harvey Cox of the Harvard Divinity School entitled "For Christ's Sake" which plaintiff felt was relative to the Christmas season.

3. Callaway v. Kirkland, 320 F.Supp. 1135 (N.D.Ga.1970). This approach has been reaffirmed by the Fifth Circuit. See Fluker v. Alabama State Board of Education, 441 F.2d 201 (5th Cir. 1971).

4. The Wall decision, supra, which allows recovery of damages against a school board, did not consider the implications of Monroe v. Pape, supra.

F.2d 319 (5th Cir. 1970); Mayhue v. City of Plantation, Florida, 375 F.2d 447 (5th Cir. 1967). Several courts in other circuits have specifically held that damages cannot be recovered from a local school board under § 1983. Harvey v. Sadler, 331 F.2d 387 (9th Cir. 1964); Gouge v. Joint School District No. 1, 310 F.Supp. 984 (W.D.Wis.1970). A consideration of the above authority leads this court to the. same conclusion.[5]

■ All other issues having been resolved, the court must consider the issue of back pay from the time plaintiff's 1969–1970 teaching contract · expired (August 31, 1970) to the date of plaintiff's resignation (January 31, 1971). At the outset, the court notes that this issue is not presented in the normal manner. In Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970), the Fifth Circuit clearly outlined the procedure to be followed in teacher dismissal cases and the reasons for adopting such procedures. The court stated,

". . . [W]e believe that the proper administration of justice requires that we caution against any similar court procedures which would allow the full development of the merits of a case of this type as a matter of course. To do so routinely in every such case constitutes both an intrusion into the internal affairs of state educational institutions and an unwise burden on judicial administration of the courts. School constituted review bodies are the proper forums for thrashing out such matters. Federal Court hearings in cases of this type should be limited in the first instance to the question of whether or not federal rights have been violated in the procedures followed by the academic agency in processing the plaintiff's grievance. If a procedural deficit appears, the matter should, at that point, be remanded to the institution for its

compliance with minimum federal or supplementary academically created standards. This should be done so that the matter can first be made ripe for court adjudication by the school authorities themselves. If no federal right has been violated in the procedures followed, then the court should next look to the record as developed before the academic agency to determine whether there was substantial evidence before the agency to support the action taken, with due care taken to judge the constitutionality of the school's action on the basis of the facts that were before the agency, and on the logic applied by it. If the procedures followed were correct and substantial evidence appears to support the Board's action, that ordinarily ends- the matter." 430 F.2d at 858.

In remanding this case to the Clayton County Board of Education, when it appeared that plaintiff was not afforded procedural due process, this court sought to follow the procedure outlined by the Fifth Circuit. Normally, the case would have been heard by the Board and the decision of dismissal affirmed or reversed. If the Board had affirmed the dismissal, and plaintiff persisted in charging that he was dismissed for constitutionally impermissible reasons, the court could then proceed to a determination of whether the dismissal was constitutionally appropriate, with the benefit of a developed record and findings of fact by the Board. Since no hearing was held on remand and the parties have entered into an agreement of partial settlement, the issue of back pay is presented in an unusual posture. Not only does the court find itself without a developed record and findings of fact by the school board, but the issue of reinstatement, to which back pay is an incident, is now moot, since plaintiff has resigned.[6] Furthermore, since defend-

5. In reaching this conclusion with respect to damages against a county school board, the court notes the precision with which the Fifth Circuit, in allowing a teacher to recover back pay in *Harkless, supra,* placed back pay in the category of equitable relief incident to reinstatement rather than categorizing it as damages.

6. The fact that the reinstatement issue is now moot *does not make the issue of*

ants have not afforded plaintiff procedural due process or heard the merits of plaintiff's defense against his dismissal, the court is left with only plaintiff's claim for back pay and the court's finding that defendants summarily dismissed plaintiff without affording him procedural due process.

■■ The determination to be made with regard to the back pay issue is whether plaintiff had a reasonable expectancy of reemployment prior to his dismissal. If he has such an expectancy, it constitutes a protectible interest which will be protected from unlawful interference. Pred v. Board of Public Instruction of Dade County, Florida, 415 F.2d 851 (5th Cir. 1969); Bomar v. Keyes, 162 F.2d 136 (2nd Cir. 1947). The Fifth Circuit has indicated that "employment in a continuing relationship through the use of renewals of short-term contracts [is] sufficient to give [a teacher] the necessary expectancy of reemployment that constituted a protectible interest." Lucas v. Chapman, 430 F.2d 945, 947 (5th Cir. 1970). Applying the above test to the instant case, the court notes that plaintiff was employed by defendants under five successive one-year contracts. This course of conduct is sufficient to create the required expectancy of reemployment. The question now becomes whether plaintiff's expectancy has been unlawfully interfered with by the defendants. Since there has been no correction of the procedural defects connected with plaintiff's dismissal and no adjudication of the basis for the dismissal, the court need look no further than its ruling of December 29, 1970, to find that defendants unlawfully interfered with plaintiff's expectancy of reemployment by summarily dismissing him without affording him procedural due process.

Therefore, plaintiff is entitled to recover the back pay which he seeks.

Defendants urge that plaintiff is not entitled to back pay since he was not clothed with tenure status and had no teaching contract to cover the period in question. Both contentions are without merit. The right to back pay is not dependent on either tenure status, See Pred, supra; Ferguson, supra; Lucas, supra; Sindermann v. Perry, 430 F.2d 939 (5th Cir. 1970), or on a contractual basis, since the essence of plaintiff's suit is to vindicate constitutional rights. Pred, supra. Furthermore, the court does not agree with defendants' contention that plaintiff's reemployment expectancy evaporated when he inquired in February, 1970 as to his contract status for the next year or when defendant Kirkland informed him two days prior to his dismissal that a decision with regard to contract renewal was being withheld pending investigation into plaintiff's classroom conduct. Plaintiff has consistently denied defendants' allegations of misconduct and has never been provided with a meaningful opportunity to counteract those allegations. Furthermore, the court finds nothing unusual about an employee inquiring as to his future. Both plaintiff's affidavit in support of his motion for summary judgment and the evidence at trial indicate that plaintiff had an expectancy of reemployment. Defendants have simply failed to show that he did not have such an expectancy.

■■ Lest there be any misunderstanding, the court wishes to reaffirm the principle that matters relating to the operation of a school system are matters of local concern to be handled by local officials without federal interference. It was with the hope that this would be done that the court re-

back pay moot under the circumstances of this case. By its ruling of December 29, 1970, this court found that plaintiff had been dismissed without the benefits of procedural due process and remanded the case for the Board's consideration. This ruling that the March 19, 1970 dismissal was unlawful had the effect

of reinstating plaintiff, subject to appropriate action by defendants. Since no action was taken by defendants, the relief granted in the nature of reinstatement stands and plaintiff may seek back pay incident thereto, even though he has now resigned.

manded this case to local officials for their consideration. While the courts will not interfere with local school matters, neither will they stand idly by and allow local officials to impinge upon constitutionally protected rights. Though the courts do not seek to deprive school administrators of their right to terminate the employment of teachers who for misconduct or other reasons interfere with the educational process, the courts must require that when teachers are dismissed they be afforded their constitutional rights of procedural due process and that they not be dismissed for constitutionally impermissible reasons. In the opinion of this court, Luke Callaway was not afforded procedural due process in connection with his dismissal and defendants have simply failed to right this wrong.

In summary, it is ordered and adjudged that plaintiff be awarded

(1) back pay from March 19, 1970, to January 31, 1971, pursuant to the agreement of the parties and the decision of this court; and

(2) damages in the amount of five thousand dollars ($5,000.00) against defendants Kirkland and Edmunds.

It is so ordered.