Odell **KARSTETTER**
v.
**I. C. EVANS, individually and in his official capacity as Superintendent of the Burkburnett Independent School District, et al.**

**Civ. A. No. 7-573.**

United States District Court,
N. D. Texas,
Wichita Falls Division.

Dec. 7, 1971.

Larry Watts, Houston, Tex., for plaintiff.

Ray Farabee, Wichita Falls, Tex., for defendants.

*Memorandum Opinion and Order*

HUGHES, District Judge.

In this case Odell Karstetter sued I. S. Evans, individually and in his official capacity as Superintendent of the Burkburnett Independent School District, and the members of the Board of Trustees of the District, individually and in their official capacities.

Plaintiff alleged that she had been employed by the School District as a school teacher for the past fifteen years and had met all requirements for employment for the school year 1970–71, but that on March 10, 1970, she was notified by the principal of her school that the Board was not renewing her contract of employment. On April 20, 1970, a hearing was held by the Board at which plaintiff was present, represented by counsel. Plaintiff alleged that prior to the hearing she was not advised of the causes for her contract not being renewed nor of the witnesses who would testify at the hearing. On April 27, 1970, the Board met and voted not to renew plaintiff's contract.

On August 17, 1970, this case was filed in the United States District Court for the Northern District of Texas, Wichita Falls Division. Plaintiff alleged in her complaint that the action of the Board in not renewing her contract violated her constitutional rights under the First and Fourteenth Amendments relative to failure of due process.

At a pretrial on March 9, 1971, the case was remanded to the Board for a rehearing with directions to comply with the procedural standards for due process set forth in Ferguson v. Thomas, 430 F. 2d 852 (5th Cir. 1970).

Thereafter on May 5, 1971, counsel for defendants mailed a notice to counsel for plaintiff specifically advising him of the causes for non-renewal of her contract, the names of witnesses to be

called and that the Board would hear any evidence plaintiff wished to present in behalf of the renewal of her contract.

On May 20, 1971, the Board met in compliance with the pretrial order to again consider the renewal of plaintiff's contract. Plaintiff was present with counsel, testified and called one witness in her behalf. Three members of the Board were newly elected members and were not present at the first hearing on April 20, 1970.

After the hearing the Board considered the evidence and voted five to one not to renew plaintiff's contract. A transcript of the hearing was filed in this Court.

Thereafter defendants filed a motion for summary judgment contending there was no issue as to any material fact, that the hearing of May 20, 1971 met the procedural standards of Ferguson v. Thomas and that there was substantial evidence adduced to warrant the action of the Board in refusing to renew plaintiff's contract. Plaintiff likewise filed a motion for summary judgment contending that all the proceedings of the Board violated plaintiff's constitutionally protected right of procedural due process. Plaintiff prayed for lost wages, damages for pain and suffering and reinstatement to her former position until such time as a constitutionally adequate hearing was held.

The letter to plaintiff's attorney notifying plaintiff of the May 20, 1971, meeting gave the following grounds for non-renewal of plaintiff's contract: "(1) Failure to abide by established rules and regulations to wit: frequently leaving prior to 3:45 and failure of loyalty to the best interest of the school and to work cooperatively with her associates and in the failure of her attitude and activities to be determined by consideration of the optimum welfare of the boys and girls in the school (2) Failure to cooperate with her principal (3) Failure to use reasonable diligence in improving her ability as a teacher, to-wit: use of school time for personal activities, evaluations of her work compared with other teachers."

The transcript of the hearing reveals that on numerous occasions plaintiff left school fifteen to twenty five minutes before she was supposed to go, on one occasion leaving a child locked in her class room. The testimony further reveals that she wasted her time in her conference period, failing to prepare teaching plans. When confronted by the principal with some of her failures she refused to discuss or to remedy them. Her pupils rated poorly when measured against pupils of other teachers.

In Ferguson v. Thomas, *supra*, the Fifth Circuit sets forth the following requirements at p. 852 for due process in a case where a teacher is to be terminated for cause:

"(a) he be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist,

(b) he be advised of the names and the nature of the testimony of witnesses against him,

(c) at a reasonable time after such advice he must be accorded a meaningful opportunity to be heard in his own defense,

(d) that hearing should be before a tribunal that both possesses some academic expertise and has an apparent impartiality toward the charges."

■■ Plaintiff's contention that she was not given notice that the low achievement tests of her students would be used against her is without merit since she was advised there would be testimony on the evaluation of her work compared with other teachers. It is not necessary to delineate in detail "all its charges in such cases." Ferguson v. Thomas, *supra*, p. 856.

■ The procedure followed in the hearing on May 20, 1971, clearly follows the procedural due process required by Ferguson v. Thomas, *supra*, and plaintiff is not entitled to another hearing, before the Board.

■■ In addition to procedural due process, in order to deprive a teacher who has an expectancy of continued employment, of employment evidence must be adduced which warrants the action taken by the Board. The transcript of the hearing on May 20, 1971, reveals there was substantial evidence to support the action taken. There being substantial evidence for not renewing plaintiff's contract, plaintiff is not entitled to a hearing in this Court on the question of the renewal of her contract.

■ Having been employed by the Burkburnett District for 15 years, her last employment being for a period of two years, plaintiff had a reasonable expectation of re-employment "which constituted a protectible interest,"[1] and entitled her to a hearing to determine the question of the renewal of her contract.

■ The hearing held on April 20, 1970, did not meet the minimum standards of due process. She was not advised of the causes for the non-renewal of her contract nor was she given the name of the witnesses who would be called to testify.[2]

■ Not having been accorded a hearing which met procedural due process plaintiff was entitled to remain in her status as a teacher with reasonable expectation of re-employment until action was taken by the Board at a hearing meeting procedural due process. During this period from the termination of her employment to May 20, 1971, plaintiff is entitled to receive back wages equal to the amount she would have received if her contract had been renewed less her earnings, if any, in the interim. As stated in Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970) "back pay is merely an element of the equitable remedy of reinstatement."

In Chambers, et al. v. Hendersonville City Board of Education, 364 F.2d 189 (4th Cir. 1966) plaintiff and the class she represented alleged they were not re-employed as teachers because of race. The Court held that the plaintiffs as a class were entitled to have the Board set up "definite objective standards for the employment and retention of teachers and to apply them to all . . . with the requirements of [the] Due Process . . . ." The Court further held that all members of the class who met the minimum standards were entitled to re-employment and "an award of any damages which may have been incurred."

In Moore v. Knowles, 333 F.Supp. 53, N.D. Texas, Amarillo Division, 1971, the Court concluded that the plaintiff was entitled to pretermination notice and hearing both under *Ferguson, supra* and under policies of the school district. As relief, back pay was awarded for the 1970-71 school year. In Bates v. Hinds, 334 F.Supp. 528, N.D. Texas, Amarillo Division, the Court similarly concluded that the plaintiff was not accorded procedural due process and was entitled to the remainder of his 69-70 salary, Bates being a first-year teacher fired in September.

Defendants' motion for summary judgment is sustained in that there was procedural due process in connection with the hearing of May 20, 1971, and there was substantial evidence for the action of the Board for not renewing plaintiff's contract.

Plaintiff's motion for partial summary judgment is sustained in part and it is held that plaintiff is entitled to back pay from the beginning of the 1970-71 school year to May 20, 1971 and to reasonable attorneys fees.

This Court will hear evidence on the amount of damages, that is, the wages to which plaintiff would have been entitled, less any earnings she might have had, and reasonable attorneys fees.

It is so ordered.

1. Lucas v. Chapman, 430 F.2d 945 (5th Cir. 1970); Thaw v. Board of Public Instruction, 432 F.2d 98 (5th Cir. 1970).

2. Ferguson v. Thomas, *supra*; Lucas v. Chapman, *supra*.