The **AMERICAN FOUNDATION, INC.,**
Plaintiff-Appellant,

v.

**MOUNTAIN LAKE CORPORATION,**
Defendant-Appellee.

No. 71–2522
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1972.

Macfarlane, Ferguson, Allison & Kelly, T. Paine Kelly, Jr., H. Vance Smith, Tampa, Fla., for plaintiff-appellant.

Stephen H. Grimes, Holland & Knight, Bartow, Fla., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this case we have carefully examined the order of the district court dismissing the plaintiff's action without prejudice, the record, briefs, and contentions of the parties. We are unable to

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of
New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

conclude that the factual and legal conclusions of the district court are erroneous. A copy of the opinion of the district court is attached hereto as Appendix A.

Judgment affirmed.

APPENDIX A

A-20

(Filed June 4, 1971)

Document No. 17, R-52

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA. TAMPA DIVISION.

(Number and Title Omitted)

ORDER

This is a diversity action. On September 28, 1970, defendant filed a motion to dismiss for lack of jurisdiction over the subject matter. It is contended by plaintiff that its principal place of business is now, and always has been, in the State of Pennsylvania and at its principal office in Philadelphia. It is the contention of defendant that the principal place of business of plaintiff is near Lake Wales, Florida.

In order to determine the threshold jurisdictional issue, a hearing on the motion was held on May 12, 1971, at which testimony was heard and evidence introduced. Both parties have filed post-hearing memoranda of law.

The Diversity of Citizenship Statute, 28 U.S.C. § 1332, grants federal district courts subject matter jurisdiction in actions between citizens of different states. 28 U.S.C. § 1332(c), added in 1958, provides that for purposes of the Statute, "a corporation shall be deemed a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business * * *."* (Emphasis supplied.)

Concerning Section 1332(c), it has been said:

The determination of the principal place of business has not been as simple a matter as this might suggest. It is, in each case, a question of fact, and the court must consider such factors as the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations. Two views seem to have found favor. On one view, a corporation has its principal place of business where its home office is located * * *. The "home office" test in itself may be variously applied, depending on whether the court looks to the executive offices, at which general policy decisions are made, or to the place where day-to-day control of the business is exercised.

The other view is that the principal place of business is the place where the corporation carries on the bulk of its activity, even though the home office, in either of the senses described above, may be elsewhere. Wright, Federal Courts 90–91 (2d ed. 1970).

In this case it is conceded that plaintiff is incorporated in Delaware and that Defendant is a Florida corporation with its principal place of business in Florida. The question before the Court is therefore whether plaintiff has Florida as its principal place of business. If it does, diversity is lacking and the action must be dismissed. Rule 12(h)(3), F.R.Civ.P.

In resolving this question the Court has examined applicable caselaw. The principal case in this Circuit interpreting Section 1332(c) is Anniston Soil Pipe Co. v. Central Foundry Co., 216 F. Supp. 473 (N.D.Ala.1963), affirmed 329 F.2d 313 (5 Cir. 1964), where Chief Judge Lynn refused to use "easy labels" such as "center of gravity," "nerve center," or "place of operations." Based upon a thorough review of the total activity of a Maine corporation it was determined on the basis of the specific facts adduced that the corporation had its principal place of business in Alabama, where production and plant facilities were located, rather than New York, where the executive offices were.

**202**

Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D.N.Y.1959), is the principal case upholding the so-called "nerve center" or "center of gravity" view. There it was held that where a corporation is engaged in multistate activities with offices, facilities, and plants in various states, the principal place of business is the "center of gravity" of the corporation, i. e., the "nerve center" of the business from which corporate activities are directed, controlled, and coordinated.

In Kelly v. United States Steel Corp., 284 F.2d 850 (3 Cir. 1960), the so-called "nerve center" test was labelled but "a pleasant and alluring figure of speech". It was held that Pennsylvania (where the main business activities were carried on) and not New York (where the policy-making occurred) was the principal place of business of U. S. Steel.

 Diversity of citizenship is to be determined according to the facts as they existed at the time of the institution of the lawsuit. See, e. g., Television Reception Corp. v. Dunbar, 426 F.2d 174 (6 Cir. 1970). Based upon all the evidence relating to the total activities of plaintiff, it is the Court's conclusion that at the time this action was begun and probably for some time prior thereto plaintiff's principal business was Polk County, Florida, site of plaintiff's Mountain Lake Sanctuary and Singing Tower. This decision is based upon an examination of all the facts adduced, and not upon a rigid application of any so-called test.

The Court will not attempt to summarize the evidence presented. The record speaks for itself. It will suffice to say that the Court has considered, among other factors, the size of the work force in Polk County, the Florida payroll, the nature and scope of plaintiff's activities, and plaintiff's property holdings. And it inescapably follows that in 1970 plaintiff's principal business activity was the maintaining and running of the Mountain Lake Sanctuary and Singing Tower in Polk County, Florida. The Court

need not determine where plaintiff's principal place of business was in times past, nor when, if ever, it moved from some other place to Florida.

Since both plaintiff and defendant are citizens of the State of Florida for purposes of 28 U.S.C. § 1332, there is not diversity of citizenship and this Court lacks jurisdiction over the subject matter. Therefore, it is

Ordered:

This action is dismissed without prejudice.

Done and Ordered at Tampa, Florida, this 4 day of June, 1971.

BEN KRENTZMAN,
United States District Judge.