**Frederic H. BOYCE, Plaintiff,**

v.

**ALEXIS I. duPONT SCHOOL DISTRICT et al., Defendants.**

**Civ. A. No. 4141.**

United States District Court,
D. Delaware.

March 23, 1972.

---

7. V.A.M.S. 400.9–504(5).

8. 50 Am.Jur., Subrogation, §§ 10, 19; 83 C.J.S. Subrogation § 5.

L. Coleman Dorsey, and Sheldon N. Sandler, Wilmington, Del., for plaintiff.

William E. Wiggin, Wilmington, Del., for defendants.

## OPINION

STEEL, District Judge:

This is a civil rights action brought under 28 U.S.C. § 1343(3) and (4) and § 1983 by a former teacher at the Alexis I. duPont High School against various school officials [1] for their failure to employ him after his one-year contract of employment for the school year 1970–71 had expired. Plaintiff came to Delaware in December of 1968 and taught in the Newark School District from January of 1969 to June of 1970. During

---

1. The defendants are the Alexis I. duPont School District, the Board of Education of that district, six members of the Board of Education of that district who are sued individually and in their official capacity, and the superintendent of schools of the district.

the 1970–71 school year, plaintiff was employed by the defendant school district.[2] Plaintiff's work was favorable because of his dedication, intelligence and his capacity to generate enthusiasm and confidence in his pupils.

On March 7, 1971 plaintiff received a letter from the Board of Education of the district which notified him that the Board intended to terminate his services at the end of the current year and stated as the reason "the elimination of the course [World of Work] which you have been teaching". Plaintiff wrote defendants on March 23, 1971 and requested a hearing. This was refused by letter dated March 26, 1971.

Plaintiff alleges that the stated reason for the non-renewal of his contract was in violation of his right to substantive due process under the Fourteenth Amendment since it was without basis in fact, and arbitrary and unreasoned. Plaintiff further alleges that the real reason for the defendants' decision was to retaliate for plaintiff having criticized certain aspects of the World of Work program to persons having no relationship with the school. This basis of refusal, plaintiff alleges, violated his substantive rights to free speech guaranteed by the First and Fourteenth Amendments. Finally, plaintiff alleges that the refusal of the Board to accord him a hearing before finally determining not to employ him was in derogation of his procedural due process rights under the Fourteenth Amendment.

Pendent jurisdiction is a basis for plaintiff's further claim that defendants breached a promise which they made to him when he was employed that if the World of Work program was discontinued at the end of 1970–71 he would, nonetheless, be employed elsewhere in the district.

The complaint seeks, among other things, an order directing the defendants to give plaintiff a "due process" hearing, to tender plaintiff a contract for the school year 1971–72 [3] and to respond in damages for their alleged violation of plaintiff's civil rights and for their breach of his contract.

The matter is before the Court upon plaintiff's motion for partial summary judgment asserting that he is entitled to a hearing before the school board, and upon defendants' cross motion for summary judgment requesting dismissal of the complaint. The record consists of the unverified amended complaint, unverified answer, answers of defendants to interrogatories, deposition of Sidney B. Collison and affidavits.

### Defendants' Motion for Summary Judgment

■■ The motion of defendants to dismiss the complaint should be granted as to the School District and all individual defendants in their non-official capacities for the reasons stated in Conway v. Alfred I. duPont School District, 333 F.Supp. 1217 (D.Del.1971).

In the *Conway* case the action was also dismissed insofar as it sought damages against the individual defendants in their official capacities. This was because the complaint failed to allege that the defendants' failure to renew the plaintiff's contract was motivated by bad faith. The complaint in the instant case contains no expressed charge that defendants acted with *mala fides*. The complaint does allege, however, that the reason assigned by defendants for non-renewal of plaintiff's contract was without basis in fact, was arbitrary and unreasonable, and was in retaliation for plaintiff's criticism of the World of Work course. These allegations, if true, will tend to support a finding of bad faith on the part of defendants. Since, for reasons about to be stated, the case will have to be tried, no decision will

---

2. The Newark School District is a separate district from the Alexis I. duPont School District.

3. It appears from the oral argument that plaintiff now seeks to have tendered to him a teaching contract for the school year 1972–73.

be made at this time whether the defendants in their official capacities can be held liable in damages. Whether their decision not to employ plaintiff for 1971-72 was made in bad faith must await the trial.

Relevant fact issues are present which necessitate a denial of defendants' motion in all respects other than those previously stated.

A material fact issue exists as to whether plaintiff's criticism of the World of Work program was the real reason why defendants refused to renew plaintiff's contract or whether their action was due to the fact that the World of Work program was being phased out. A sharp conflict in the evidence exists on the issue.[4]

■ In deciding defendants' motion, plaintiff's version of the facts must be accepted as true. These established that defendants' action was arbitrary, unsupported by substantial evidence and in retaliation for his exercise of constitutionally protected First Amendment substantive rights. Even though a teacher is without tenure, he is entitled to relief under the Civil Rights Act when his contract has not been renewed because of a violation of substantive constitutional rights. McLaughlin v. Tilendis, 398 F.2d 287, 289 (7th Cir. 1968); Johnson v. Branch, 364 F.2d 177, 180 (4th Cir. 1966); Drown v. Portsmouth School District, 435 F.2d 1182, 1183 (1st Cir. 1970); Freeman v. Gould Special School District, 405 F.2d 1153 (8th Cir. 1969); Roth v. Board of Regents, 310 F.Supp. 972, 976 (W.D.Wis.1970), aff'd 446 F.2d 806 (7th Cir. 1971), cert. granted, 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed. 2d 181; Orr v. Trinter, 444 F.2d 128 (6th Cir. 1971); Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970).

In Gouge v. Joint School District, 310 F.Supp. 984 (W.D.Wis.1970), where a non-tenured school teacher's contract was refused renewal, the court denied a motion for summary judgment by defendants saying at 992:

"I conclude that summary judgment of dismissal is inappropriate because there is a genuine issue of material fact both as to identifying the reasons upon which the Board acted in each case, and as to whether there was any basis in fact for any of the reasons in either case."

#### Plaintiff's Motion for Partial Summary Judgment

■ This motion is limited to a determination whether the Board of Education of the District should be mandated to give plaintiff a hearing on its decision not to reemploy him.

The following facts are beyond controversy.

It was during plaintiff's first year of teaching in the Alexis I. duPont School District that the Board advised plaintiff of its intention not to reemploy him. Plaintiff was then without tenure. 14 Del.C. § 1403.[5] Nonetheless, section 1410 entitled plaintiff to be advised in writing by May 1st of defendants' intention not to reemploy him and to be given reasons therefor.[6] As stated, this notice was given, and a hearing requested by plaintiff was denied. Thereafter, on May 10, 1971, plaintiff, through his attorney, wrote to the attorney for the school board, denied that plaintiff was being "dismissed" because of the discontinuance of the World of Work program which he was giving, and asserted that the real reason was because of critical statements which plaintiff had made re-

---

4. This alone is enough to require a trial although other factual points of dispute may also exist.

5. Under §§ 1411, 1412, 1413 and 1414 teachers with tenure are entitled to be given reasons for termination, notice of ter-

mination, hearings before the school board, and state judicial review.

6. Section 1410 requires that the notice be accompanied by a copy of the Act. There is no evidence that it was but plaintiff makes no point of this.

garding the course. The letter continued:

"The refusal to renew Mr. Boyce's contract, if based on the consideration he claims, would violate his federally guaranteed constitutional right to freedom of speech. The outright refusal to permit Mr. Boyce an opportunity to back up his contentions at a hearing would seem to be in violation of minimal due process rights to which he is entitled aside from any consideration of the state tenure law. I would appreciate it if you would consider this matter and advise me as to whether Mr. Boyce will be granted a hearing or an opportunity to meet with the district management to discuss the situation."

The evidence is in conflict over the real reason for the defendants not re-employing plaintiff. The fact that there is a conflict, however, is not in dispute. Since this is the only fact which is relevant and it is uncontroverted, the granting or denying of plaintiff's motion turns on the legal question whether as a matter of procedural due process defendants are required to accord plaintiff a hearing.

It has been held that a non-tenured school teacher whose contract has not been renewed has no procedural due process right to a hearing before a school board where he does not claim that the board has violated a constitutionally protected substantive right. Thaw v. Board of Public Instruction, 432 F.2d 98 (5th Cir. 1970); Orr v. Trinter, *supra;* Drown v. Portsmouth School District, 435 F.2d 1182 (1st Cir. 1970).

The case at bar, however, is not controlled by these decisions. Here plaintiff claims that the defendants' failure to reemploy him violated his substantive constitutional rights. Where this is so and a teacher has "an expectancy of reemployment" [7] it has been held that procedural due process can be satisfied only by the granting of an administrative hearing. Lucas v. Chapman, 430 F.2d 945 (5th Cir. 1970). While the phrase "expectancy of reemployment" has been applied to specific factual situations, it is a slippery one to which no precise definition has been assigned. *Lucas* found that plaintiff's "long employment [eleven years in the system] in a continuing relationship through the use of renewals of short-term contracts was sufficient to give [the plaintiff] the necessary expectancy of reemployment that constituted a protectible interest." (p. 947). The adoption by school authorities of "regulations or standards of practice governing non-tenured employees" may create an expectation of reemployment. Ferguson v. Thomas, 430 F.2d 852, 856 (5th Cir. 1970). Sindermann v. Perry, 430 F.2d 939 (5th Cir. 1970) held that the plaintiff may have an expectancy of reemployment "under the policies and practices of the institution" (p. 943), but that even without such an expectancy a non-tenured teacher is entitled to an administrative hearing.[8] Roth v. Board of Regents, 310 F.Supp. 972 (W. D.Wis.1970), aff'd 446 F.2d 806 (7th Cir. 1971), cert. granted, 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed.2d 181, was not *based upon a finding of expectancy of re*employment but, nonetheless, held that an administrative hearing was required, if demanded, when a teacher claims his nonretention is based upon his exercise of constitutional freedoms or on arbitrariness.

---

**7.** Bomar v. Keyes, 162 F.2d 136 (2d Cir. 1947) held that the "expectancy of continued employment" was a legally protectible interest which is secured by the Constitution of the United States. Contra: Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969) (en banc), cert. denied, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970).

**8.** Since the evidence is controverted on whether defendants promised to rehire plaintiff in 1971-72, a resolution of the facts in plaintiff's favor might give plaintiff an expectancy of reemployment comparable to that found in Ferguson v. Thomas, *supra.* It is an issue which would be appropriate to be heard by the District Board if a hearing were to be required.

In Freeman v. Gould Special School District, 405 F.2d 1153 (8th Cir. 1969) the court held that a teacher without tenure who had not been reemployed had no right to an administrative hearing even though he asserted that his denial of reemployment was arbitrary and capricious and thus a violation of substantive due process. The same conclusion was arrived at in Shields v. Watrel, 333 F.Supp. 260 (W.D.Pa.1971), where the plaintiff claimed that refusal to reemploy was because of his exercise of First Amendment rights of free speech.

Orr v. Trinter, *supra,* recognized that the decisions of the Circuit Courts in the area under discussion are not uniform and that District Court decisions are likewise varied.

Plaintiff places unwarranted importance upon the fact that Lafferty v. Carter, 310 F.Supp. 465 (W.D.Wis.1970) is cited with approval in Grausam v. Murphey, 448 F.2d 197, 208 (3d Cir. 1971). *Lafferty* was concerned with the discharge of untenured teachers prior to the expiration of their contracts. It does not follow that because untenured teachers whose contracts have been breached are entitled to an administrative hearing, the same right must be accorded to those whose contracts have not been breached.

Because of the diversity of judicial precedent, this Court suggested to the parties that it probably would be well to defer decision on plaintiff's motion until after the Supreme Court has spoken since appeals in the *Roth* and *Sindermann* cases are now awaiting decision. Defendants were agreeable but plaintiff

was not. Thus a decision cannot be avoided on whether procedural due process required the District Board to give plaintiff a hearing.

In Grausam v. Murphey, *supra,* 448 F. 2d at 206, the court recognized that under Supreme Court decisions "the rule of due process is one of fairness *under the circumstances,* and the determination of what procedures are required involves a balancing of the interests of the employee and the government." (italics supplied).

In the instant case it is not necessary to detail the interest of the defendants which is involved, for in the circumstances of this case plaintiff's interest will be best served without a hearing before the District Board.[9]

Plaintiff's paramount interest is to secure a contract to teach in the defendant district during 1972–73.[10] "May 1st is a sort of a 'cut off point'. May 1st is the time when persons start getting hired for positions in the Delaware schools." (admission by defendant, March 14, 1972, Document 42). It is plaintiff's hope that by securing a hearing before the District Board he will obtain the contract which he desires.

It may be that under some circumstances a non-tenured school teacher who has not been reemployed will be entitled as a matter of procedural due process to a hearing before reemployment is finally refused. This might be true, for example, if a school board refused to renew a teacher's contract because of a charge made by persons not connected with the school that the teacher engaged in activities which were con-

---

9. Here plaintiff was simply denied the opportunity to work in the Alexis I. duPont School District; he was not foreclosed from teaching elsewhere. Compare Cafeteria and Restaurant Workers Union, etc. v. McElroy, 367 U.S. 886, 896, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1960), reh. denied 368 U.S. 869, 82 S.Ct. 22, 7 L.Ed. 2d 70.

As of July 22, 1971, the district, following inquiries by prospective employers, had recommended plaintiff for employment. Plaintiff attempted to obtain a job in three other school districts in Delaware but found that no jobs were available. He did, however, obtain employment in West Chester Pennsylvania School District where he has been making $10,126 a year as against $11,018 which he would have received in the Alexis I. duPont School District.

10. This is subject only to the contingency that if, before he is so employed by it, he should be offered a job as an administrator in West Chester he might accept the latter position.

stitutionally protected. Under these circumstances a school board would be in a position impartially to weigh the truth of the charges and a hearing might be warranted. In the case at bar, the issue is the motivation of the board itself in refusing to offer plaintiff a new contract.

Plaintiff's interest in obtaining a position for 1972–73 will not be served by permitting him to present his case to the school board.[11] It is unreasonable to hope that after a hearing the district would reemploy plaintiff. The board has made its position clear. It has caused affidavits to be filed stating that plaintiff was not reemployed because his course had been discontinued, and that plaintiff's critical comments concerning the school had nothing to do with its decision. It is highly improbable that at a school board hearing these sworn statements would be retracted by the persons who made them, and that the board would admit that the reason which it advanced in this Court was a sham. Yet the granting of a contract to plaintiff for 1972–73 would depend upon just such board action.

The most expeditious way for plaintiff to know whether he will have employment at the Alexis I. duPont High School in 1972–73 is for the case to be tried promptly. This, and not a board hearing, will best serve his interest. If a decision should be rendered in plaintiff's favor, it is, of course, possible that he may experience further delay if defendants should take an appeal; but if this should occur it would confirm the conclusion that an administrative hearing would have been nothing more than an exercise in futility.

Upon plaintiff's application, the Court will fix an early trial date.

Plaintiff's motion for partial summary judgment will be denied.

11. If the school board should reaffirm its determination not to reemploy plaintiff a question would remain what review rights, if any, plaintiff had, and if a review were available, whether it would be *de novo* or on the record before the school board if one were made.