Lillie RUSSELL, Rommy Williams, Robert Hughes, J.W. Williams, Jacquelyn Redmond, Johnny Raymond, J.B. Holmes, Andrew Calvin, Rebecca Marshall, Charlie Strong, Jr., Clyde West, Louise Ball, Christine Malone Sifore, Kenneth Beal, Sr., Myrtle Williams, and Samuel Norals and William H. Martin, Plaintiffs,

v.

Dr. Robert W. HARRISON, President of the Board of Trustees of Institutions of Higher Learning; Dr. Joe L. Boyer, President of Mississippi Valley State University; Dr. John A. Peoples, President of Jackson State University, et al., Defendants.

Civ. A. No. GC 82–284–WK–O.

United States District Court, N.D. Mississippi, Greenville Division.

April 28, 1983.

Willie J. Perkins and Solomon C. Osborne, North Mississippi Rural Legal Services, Greenwood, Miss., Alvin O. Chambliss, North Miss. Rural Legal Services, Oxford, Miss., Fred Clark, Greenwood, Miss., for plaintiffs.

Ed Davis Noble, Jr., Asst. Atty. Gen. of Miss., Jackson, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, District Judge.

In this civil rights action, plaintiffs, various contracted employees of Jackson State University and Mississippi Valley State University for the academic year 1982–1983, sue defendants, the members of the Board of Trustees of Institutions of Higher Learning in their individual and official capacities, Mississippi Valley State University and its president, Dr. Joe L. Boyer, Jackson State University and its president, Dr. John A. Peoples, Governor William Winter, the Mississippi Department of Education, and the Mississippi Superintendent of Education, for deprivation of due process rights arising out of the elimination of plaintiffs' positions at the respective universities. The court has before it the defendants' motion for summary judgment or, alternatively, for partial summary judgment and plaintiffs' cross motion for summary judgment or, alternatively, for partial summary judgment.

The controversy involved in this action arose following the October 22, 1982, meeting of the Board of Trustees of Institutions of Higher Learning (Board of Trustees) during which it was determined that a state of financial emergency existed at Mississippi Valley State University and Jackson State University. Pursuant to this finding, the Board of Trustees directed the presidents of the respective institutions to take appropriate action to strengthen the institutions in order to restore them to a state of fiscal integrity within the 1982–1983 fiscal year.

According to defendants, an analysis was then made of the staffing patterns throughout the two universities and pursuant to this analysis various positions were eliminated on the basis of the most efficient staffing per full-time student. In early November, plaintiffs received notices that their positions were being terminated as of Tuesday, November 30, 1982. These notices stated the reason for the termination was the declaration by the Board of Trustees that a state of financial emergency existed at the two universities. The notices did not specifically inform the plaintiffs that they had a right to a hearing or appeal but at the December 2, 1982, hearing before this court in which plaintiffs sought a temporary restraining order, all plaintiffs who testified admitted they knew, either specifically or generally, that such a right to a

hearing did exist. The plaintiffs testified, however, that they felt it would do little good to secure a hearing since the letter came from the presidents of the universities themselves rather than from a department head.

All plaintiffs allege they were under contract, either oral or written to perform their various services for a definite term. These contracts, it is alleged, were set to expire on May 15, 1983. Plaintiffs allege the terminations described above constitute a breach of contract accompanied by deprivation of procedural due process rights.

## I. *Rights of Public Employees*

At the outset, we recognize that an unconstitutional denial of public employment can be attacked in a 42 U.S.C. § 1983 action. In a termination setting, plaintiffs must demonstrate a property or liberty interest in their public employment before their right to due process attaches. *See, e.g., Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (procedural due process); *Lucas v. Chapman,* 430 F.2d 945 (5th Cir.1970) (substantive due process). Once these rights are established, they can be vindicated in § 1983 actions. However, a mere breach of contract, without a violation of due process rights, is not cognizable under § 1983. *Bishop v. Wood,* 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684 (1976).

## II. *Due Process Rights*

Because plaintiffs do not claim the elimination of their positions was arbitrary and capricious or racially motivated, the defendants' actions cannot be construed as a denial of plaintiffs' substantive due process rights. *See Andrews v. Drew Municipal Separate School District,* 507 F.2d 611 (5th Cir.1975), *cert. granted,* 423 U.S. 820, 96 S.Ct. 33, 46 L.Ed.2d 37, *cert. dismissed,* 425 U.S. 559, 96 S.Ct. 1752, 48 L.Ed.2d 169 (1976) (arbitrary denial of opportunity to qualify for public position); *Lucas v. Chapman,* 430 F.2d 945 (5th Cir.1970) (arbitrary dismissal from public employment). Therefore, we must turn our attention to procedural due process rights which should have been made available to plaintiffs.

When dealing with employees who possess liberty or property interests in their employment and who have been terminated for cause or other personal reasons, the Fifth Circuit has held that certain minimum due process procedures must be made available. These procedures include: (1) written notice of the reasons for termination, and (2) an effective opportunity to rebut those reasons. In terms of procedural due process, effective rebuttal "means giving the employee the right to respond in writing to the charges made and to respond orally before the official charged with the responsibility of making the termination decision." *Thurston v. Dekle,* 531 F.2d 1264, 1273 (5th Cir.1976), *vacated on other grounds,* 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978). As the circuit court has stated on numerous occasions, however, procedural due process requirements are flexible concepts to be discerned from the facts of each case. *See, e.g., Glenn v. Newman,* 614 F.2d 467 (5th Cir.1980) (post-termination proceeding); *Hicks v. Dobbs,* 612 F.2d 577 (5th Cir.1980) (flexible concept of procedural due process requirement to be discerned from facts of case); *Ferguson v. Thomas,* 430 F.2d 852, 856 (5th Cir.1970) (minimum requirements of post-termination hearing).

In the case *sub judice,* none of the plaintiffs were terminated for cause or other personal reasons, but rather, due to financial exigencies, their positions were eliminated. In several recent cases, the courts have indicated that where termination or elimination of a position was due to fiscal exigencies, procedural due process requirements are less strict than in cases where plaintiffs have been terminated for cause or other personal reasons. *See, e.g., Jimenez v. Almodovar,* 650 F.2d 363 (1st Cir.1981) (elimination of pilot program); *Krotkoff v. Goucher College,* 585 F.2d 675 (4th Cir.1978) (termination due to financial exigency); *Bignall v. North Idaho College,* 538 F.2d 243 (9th Cir.1976) (non-retention of tenured faculty member due to budget cutting). Although notice and a hearing remain the essential ingredients in procedural due proc-

ess requirements for non-personal terminations, the scope of the hearing is much more restrictive than in cases of termination for cause. The purpose of such a hearing is mainly to determine that there was a genuine state of financial exigency, that the fiscal exigency was not a pretext for an impermissible motive and that the retrenchment was not implemented unreasonably or unfairly. If the terminated employee is given notice of the reasons for termination and is aware of his opportunity for a hearing, the courts have generally found no violation of procedural due process rights even though the plaintiff failed to take advantage of the hearing. *See, generally, Jimenez v. Almodovar,* 650 F.2d 363, 369 (1st Cir.1981) (plaintiff's presumed knowledge of right to hearing satisfies procedural requirements of due process).

### III. *Application of Law*

■ Viewing the facts in the light most favorable to the plaintiffs, we find that the plaintiffs were employed by defendants under contracts for a specified period of time. These contracts provided for plaintiffs' termination only for cause, and, therefore, plaintiffs enjoyed a property right in their employment which could not be deprived without due process of law. Plaintiffs do not dispute the fact that timely notice of their termination was given in the form of individual letters from the presidents of the respective universities. These letters also stated the reasons for the terminations or eliminations of positions as being the financial exigencies found by the Board of Trustees to exist at Jackson State University and Mississippi Valley State University. For this reason, we find that the notice requirement of procedural due process was satisfied by defendants in this case.

Although the notices described above did not inform plaintiffs of their right to a hearing, plaintiffs testified in this court at the December 2, 1982, hearing that each knew, either specifically or generally, that such a right did exist. The fact that plaintiffs believed such a hearing would do little if any good to remedy their situation does not change the fact that such a procedure existed and was explained in the personnel handbook.

■ Plaintiffs argue, however, that they are not required to exhaust administrative remedies before seeking relief in federal court under § 1983. While it is true that exhaustion is generally not required in a § 1983 suit, such a rule of law has no application to an action for denial of procedural due process. This is not an administrative exhaustion case. When plaintiffs allege deprivation of procedural due process rights, they allege the non-existence of notice and an opportunity to be heard. In this sense, a termination hearing is not merely an administrative remedy (which may or may not need to be exhausted), but the very procedural safeguard required by the due process clause of the Constitution. In a § 1983 action alleging deprivation of procedural due process rights, a plaintiff may not admit a hearing procedure existed, refuse to take advantage of the hearing and then claim denial of due process rights.

■ Because plaintiffs admit they were given notice and that a hearing procedure existed of which they failed to take advantage, we find there was no denial of procedural due process rights. For this reason, we find that no cause of action was stated which is cognizable under 42 U.S.C. § 1983 and this action is not maintainable in federal court.

Even if a denial of due process rights had occurred, plaintiffs would be unable to recover. Plaintiffs have come forward with no affidavits or discovery material (as required by Rule 56 of the Federal Rules of Civil Procedure) to show that no genuine state of financial emergency existed, that the fiscal exigency was a pretext for an impermissible motive, or that the retrenchment was not implemented unreasonably or unfairly. To the contrary, the affidavits and testimony from the December 2, 1982, hearing show that a genuine fiscal emergency did exist (a gross loss of more than 1.5 Million Dollars at Mississippi Valley State University) and the retrenchment was implemented fairly and reasonably for the sole purpose of alleviating that emergency.

Finally, plaintiffs move the court to allow amendment of their complaint for the purpose of asserting diversity jurisdiction. Plaintiffs claim diversity based on the out of state residence of Rebecca Marshall and Clyde West. However, it is well settled that diversity of citizenship is determined at the time the complaint is filed. *Smith v. Sperling*, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *American Foundation, Inc. v. Mountain Lake Corp.*, 454 F.2d 200 (5th Cir.1972); Rule 3, F.R. Civ.P. It, therefore, follows that if diversity of citizenship did not exist at the time the complaint was filed, it cannot be manufactured by a later change of domicile by one of the parties. *Anderson v. Watt*, 138 U.S. 694, 11 S.Ct. 449, 34 L.Ed. 1078 (1891); *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954 (5th Cir.1966).

In the instant action, both Marshall and West were parties plaintiff at the time the second amended complaint was filed on December 15, 1982, and both were residents of Itta Bena, Mississippi. Therefore, their subsequent change in domicile did not create diversity jurisdiction. Because all plaintiffs and defendants were residents of Mississippi at the time the cause of action commenced, there is no diversity jurisdiction.

This is not to say that plaintiffs have no available remedies. If, in fact, plaintiffs' contracts were breached, they may have an action for damages in state court. Short of a deprivation of due process rights, however, this court has no jurisdiction over the cause of action.

Therefore, it is

ORDERED:

1. That plaintiffs' motion for summary judgment is hereby DENIED.

2. That defendants' motion for summary judgment is hereby GRANTED, and plaintiffs' complaint is DISMISSED with prejudice as to the federal claims but without prejudice to their right to pursue claims for breach of contract under state law in a court or courts of competent jurisdiction.