**Noelle M. HENRY, Appellant,**

v.

**COAHOMA COUNTY BOARD OF EDUCATION et al., Appellees.**

**No. 21438.**

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1965.

Rehearing Denied Jan. 4, 1966.

Derrick A. Bell, Jr., New York City, R. Jess Brown, Jackson, Miss., Jack Greenberg, Constance Baker Motley, New York City, for appellant.

William H. Maynard, Clarksdale, Miss., Will S. Wells, Asst. Atty. Gen., Jackson, Miss., Richard L. Morgan, Washington, D. C., George F. Maynard, Jr., Clarksdale, Miss., Joe T. Patterson, Atty. Gen. of Mississippi, Jackson, Miss., for appellees.

Philip J. Hirschkop, Lainof, Cohen & Cohen, Alexandria, Va., for the N. E. A. Commission on Professional Rights and Responsibilities, amici curiae, Richard L. Morgan, Washington, D. C., of counsel.

Before HUTCHESON and BROWN, Circuit Judges, and MORGAN, District Judge.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Northern District of Mississippi, denying plaintiff the relief she sought in her suit to require by injunction that

she be re-employed as a teacher in the Public School System of Coahoma County, Mississippi.

Appellant, Mrs. Henry, is a negro school teacher who has taught in the same school for eleven years. In Mississippi teachers have no tenure but are hired on one year contracts which are reviewed for renewal each year. The usual or ordinary, indeed the required, procedure is that the teacher's principal or supervisor makes his recommendation for renewal to the County School Superintendent, and the superintendent in turn makes his recommendation to the School Board. It is statutory in Mississippi [1] that the School Board cannot hire anyone not recommended by the County Superintendent. It is also required by statute that all teacher applicants list all organizations to which they do belong or have belonged or to which they have contributed money for the past five years. Mrs. Henry was, and is, a member of the National Association for the Advancement of Colored People and also the only teacher to so state on her application. Although she was recommended by her supervisors to Hunter, the County Superintendent, Hunter did not recommend her, and her contract was not renewed for the 1962–1963 school year.

Mrs. Henry testified that she made three separate attempts to obtain an explanation from Hunter or the School Board as to the basis of the refusal to renew her contract, but each time Hunter told her the Board had made the refusal and had given him no reason therefor and that further discussion of the matter would be useless. She filed suit, stating as the basis for her complaint that the Board had refused to renew her contract because she was a member of the National Association for the Advancement of Colored People and because her husband was and is President of that Association in Mississippi. Relief prayed for was that the Board be enjoined from refusing to renew her contract for 1962–1963 and that the statute requiring teacher applicants to list their organizational activities be declared unconstitutional.

At the trial Hunter testified that the Board had not renewed the contract because he had not recommended Mrs. Henry. When questioned by the court, he stated that his refusal to recommend her was based on the fact that her husband had been convicted on a morals charge and had suffered an adverse judgment in a libel suit, and that he had reliable information that suit was about to be filed against Mrs. Henry in respect of a fraudulent conveyance made to her by her husband. Hunter expressly testified that his decision was not due to Mrs. Henry's or her husband's civil rights activities or any N.A.A.C.P. affiliations.

At the conclusion of the hearing the Court ordered a time for filing memorandum briefs. During this time Mrs. Henry moved to amend her complaint under Rule 15(b) to conform to the reasons given by Hunter as a basis for his refusal to recommend her. The district judge refused to allow the amendment on the basis that it would change the entire character of the case. Also he pointed out that the evidence which formed the basis for the motion was elicited by questions from the court and that it came in over the objection of the plaintiff; that with notice this point could be much more fully developed since neither side had come prepared on this issue, and to allow the amendment at that late date would be to do so without such development. However, the judge stated that in the event of appeal, in order that the appellate court might have the benefit of the lower court's views in this aspect of the case, he had dealt with the case as if the motion to amend had been granted.

Judgment was entered, refusing to enjoin the Board on the basis that Mrs. Henry had failed to sustain her burden of proof that the refusal to renew her contract was due to her civil rights activities. On the contrary, the finding was that the Board was without author-

[1]. See Lott v. State ex rel. Kelly, 239 Miss. 97, 121 So.2d 402.

ity to renew the contract due to Hunter's failure to recommend Mrs. Henry, and thus was not properly a party to the suit. Further the court found that the reasons to which Hunter testified constituted good cause and that he exercised sound discretion in not recommending Mrs. Henry for re-employment. The court refused to rule on the constitutionality of the statutory requirement that teachers list their organizational activities, stating that: "Inasmuch as plaintiff in her present status as a non-teacher is not affected by this requirement, this issue is now moot".

The district judge filed a full opinion,[2] stating the facts and issues and the reasons and grounds for his findings, decision and judgment.

We agree with his decision and judgment and adopt his opinion as our own, and, because we do, it will be unnecessary for us to repeat or discuss further his findings and conclusions. It will be sufficient to say that we approve and adopt his opinion and the findings and conclusions stated in it and order the judgment affirmed.

JOHN R. BROWN, Circuit Judge (concurring):

In joining in the affirmance, I would emphasize two things about the Court's decision. First, though the Superintendent may have broad discretion in recommending or refusing to recommend a teacher for employment by the Board, the Court recognizes that this discretion does not prevent judicial inquiry into the constitutional propriety of his motives in refusing to recommend Plaintiff. See Hornsby v. Allen, 5 Cir., 1964, 326 F.2d 605, rehearing denied, 330 F.2d 55. Discretion gives much power, but this power may never be used to interfere with, or discourage, the exercise of federally guaranteed civil rights including the right to persuade or encourage others in the exercise of their civil rights. United States v. Bruce, 5 Cir., 1965, 353 F.2d 474 [Nov. 16, 1965]; see United States v. Board of Educ. of Greene County, Miss., 5 Cir., 1964, 332 F.2d 40. Second, though a teacher's husband's criminal record and involvement in litigation undoubtedly in many cases may justify a refusal to recommend her for this sensitive employment, if in fact such a record and such involvement spring wholly from attempts by him to exercise these broadly defined civil rights, then under such circumstances these considerations would not justify a refusal to recommend either under the exercise of —or the guise of exercising—such discretion.

The Court affirms because the Plaintiff failed to prove either that the Superintendent's refusal to recommend her was based on the civil rights activity of her or her husband, or that her husband's criminal record, which the Superintendent did consider, arose primarily from constitutionally protected assertions of civil rights.

---

2. Henry v. Coahoma County Board of Education et al., 246 F.Supp. 517.