Kenneth T. RAINEY, Plaintiff-Appellant,

v.

JACKSON STATE COLLEGE et al., Defendants-Appellees.

No. 30558.

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1970.

A. Spencer Gilbert, III, Barry H. Powell, Jackson, Miss., for plaintiff-appellant; Wise, Carter & Child, Jackson, Miss., of counsel.

A. F. Summer, Atty. Gen., William A. Allain, Asst. Atty. Gen., Ed Davis Noble, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., M. M. Roberts, Hattiesburg, Miss., for defendants-appellees.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS *, Judge of Court of Claims.

---

* Honorable Philip Nichols, Jr., sitting by designation.

SIMPSON, Circuit Judge:

We review on appeal the district court's order dismissing this action for lack of jurisdiction. We determine that jurisdiction was present and accordingly reverse and remand for further proceedings.

Dr. Kenneth Rainey, plaintiff-appellant, a Caucasian, was employed beginning in 1965 as a full-time teacher by Mississippi College, Clinton, Mississippi, a Southern Baptist Church supported denominational college. Dr. Rainey first taught history and later became a member of the English Department of Mississippi College, advancing to the rank of assistant professor. Additionally he served on several faculty committees and other college-related groups.

In January, 1969, Dr. Rainey testified as a defense expert witness in the County Court of the First Judicial District of Hinds County, Mississippi, in a case involving criminal charges of obscenity against several individuals in connection with the public exhibition of a motion picture, "The Fox". Dr. Rainey was requested by counsel for the charged defendants to view the film and to give his expert opinion as to the literary and artistic merits of the film. The obscenity charges attracted extensive coverage by news media, and, along with other events of the trial, Dr. Rainey's testimony received prominent newspaper publicity in the Jackson, Mississippi, area. Public and private criticism of both Dr. Rainey and Mississippi College followed. The Board of Trustees of Mississippi College refused to grant Dr. Rainey tenure in the contract offered him for 1970–71, the year in which he would have been entitled to tenure under the prevailing standards of the college.

In February, 1970,[1] Dr. Rainey was notified by the Woodrow Wilson Fellowship Foundation of his designation as a Woodrow Wilson Teaching Intern for

1. Unless otherwise noted all dates referred to are in 1970.

the academic year 1970–71. It appears that this designation carries with it some prestige in the gaining of employment at predominantly black colleges, and as well offers the black colleges an indication as to qualified teachers willing to teach in a minority situation.

Jackson State College, the defendant-appellee, located at Jackson, Mississippi, is a state institution with a predominantly black student body. On April 1, the President of Jackson State, Dr. Peoples, forwarded to appellant a proposed contract of employment as an assistant professor of English for the academic year 1970–71. The transmittal letter from Dr. Peoples contained this language: "Please indicate your acceptance of this offer by signing and returning the enclosed contract to my office along with the other enclosed forms all before April 22, 1970." Dr. Rainey signed and returned the contract on April 13. Execution of the contract by the Board of Trustees was indicated by the typed signature of Dr. Peoples on behalf of the Executive Secretary of the Board and showed approval for the college by Dr. Peoples' rubber stamped signature. Shortly after executing the Jackson State contract Dr. Rainey rejected the offer of Mississippi College for the renewal of his teaching contract for the academic year 1970–71.

Dr. Rainey was employed by Jackson State to teach two 1970 summer school sessions, by an agreement dated June 8, 1970. He taught a total of five English courses during the two 1970 summer sessions.

On August 6, Dr. Peoples sent to the Board of Trustees his "Recommendations and Requests" for employment of personnel at Jackson State. Included in the recommendations was the name of Dr. Kenneth Rainey. The recommended list of faculty personnel was reviewed by the Special Education Committee of the Board of Trustees. The Committee reported its conclusion that the employment of appellant would not be in the best interests of the Jackson State College or of the State of Mississippi. The Board of Trustees then passed a resolution eliminating from the Jackson State budget four faculty positions, including Dr. Rainey's. The resolution stated that the reason for the elimination of the positions was the need to increase the budget of the Jackson State Campus Security Force.

On August 21, Dr. Rainey received from Dr. Peoples a registered letter dated August 20 advising Dr. Rainey that his contract had been signed and mailed inadvertently by Dr. Peoples' secretary and that his name had not been submitted to the Board of Trustees for approval. The letter also advised Dr. Rainey that his position had been eliminated by the budget amendment adopted by the Board of Trustees.

On August 28 appellant's attorney wrote a letter to the Chairman of the Board of Trustees and to Dr. Peoples, urging the Board to reverse its action and employ Dr. Rainey. On September 1 his counsel formally requested a hearing from the Board of Trustees to review the Board refusal to employ Dr. Rainey. On September 4 his counsel received a letter from the Executive Secretary of the Board stating that the Board would not discuss the matter with Dr. Rainey. This suit was commenced in the district court later the same day.

Stating substantially the facts recited herein, the complaint alleged a violation of Title 42, U.S.C. Section 1983,[2] with jurisdiction based on Title 28, U.S.C. Section 1343.[3]

2. Title 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

3. In addition to naming Jackson State College, the complaint also named as de-

With the complaint the plaintiff filed his motion for a temporary restraining order and preliminary injunction. A hearing on the motion was held on September 14, 1970. The plaintiff subpoenaed ten witnesses, four of whom were adverse. The district court allowed only one live witness to testify, and directed that all other testimony be supplied by affidavit. On September 16 the district judge dismissed the case without prejudice for lack of jurisdiction, assigning his reasons by a separate opinion.

On September 18, the appellant filed with this Court his motion for injunction pending appeal seeking to prevent plaintiff's dismissal from his position pending a hearing before this Court. A panel of this Court granted the motion on September 21. Thereafter the Board of Trustees failed to reinstate Dr. Rainey to a teaching post, but rather insisted that the September 21, 1970 order of this Court required only that Dr. Rainey's salary be paid. He was given an opportunity to do research at the college. In a clarifying order entered September 28, 1970, this Court stated its intent that Dr. Rainey be reinstated pending appeal to the type of teaching duties and responsibilities contemplated in the contract.

The district court's reasons for the dismissal of the action are best explicated by the following quotation from its opinion:

"The question here then is as to whether, or not the plaintiff in this case asserts a claim to a denial of a *federally* created right as contemplated by § 1983, supra. Stated differently, does this claim involve a denial by the defendants of a right conferred upon the plaintiff by the Constitution and laws of the United States? That question must be, and is answered in the negative. It simply cannot be said

fendants: Dr. Peoples, individually and as President of Jackson State, E. E. Thrash, as Executive Secretary of the Board of Trustees of Institution of Higher Learning, E. Ray Izard, the president of that Board, and twelve individuals as members of the Board.

on sound authority that this plaintiff has any vested right under the federal constitution, or under any federal statute to be employed by Jackson State College. He surely enjoys all of the vested rights generally conferred upon all citizens by the due process and equal protection clauses of the Fourteenth Amendment, but that fact *would not in and of itself vest this court with jurisdiction of the subject of a simple employment contract controversy between these two* residents of Mississippi". (Emphasis supplied)

It is obvious that the district court simply misunderstood the nature of the right being asserted by the plaintiff. The complaint did not assert that Dr. Rainey or any other citizen of the United States has a vested constitutional right to be employed by the State of Mississippi. Rather, the complaint in unmistakable terms asserts that an opportunity to be employed by the State of Mississippi is being denied to appellant because he sought to exercise his First Amendment right to free speech. In other words, Dr. Rainey claims that the State is infringing on his First Amendment rights by denying employment in retaliation for plaintiff's testimony for the defense in the criminal obscenity case. "The fact * * * that a person is not compelled to hold public office cannot possibly be an excuse for barring him from office by state-imposed criteria forbidden by the Constitution". Torcaso v. Watkins, 367 U.S. 488, 495, 496, 81 S.Ct. 1680, 1684, 7 L.Ed.2d 982, 987 (1960). See also Wieman v. Updegraff, 344 U.S. 183, 192, 73 S.Ct. 215, 219, 97 L.Ed. 216, 222 (1952); Connell v. Higginbotham, D.C. M.D.Fla.1969, 305 F.Supp. 445, 449 (three-judge court), appeal argued before the Supreme Court of the United States November 19, 1970 (39 L.W. 3225).[4]

4. The Mississippi board involved here, the Board of Trustees of State Institutions of Higher Learning, was the agency which sought to deny employment to two part-time University of Mississippi law professors for taking part in the North Mississippi Rural Legal Services Pro-

The complaint alleged that the defendants are shutting off from Dr. Rainey an opportunity for employment by the State of Mississippi on constitutionally-impermissible grounds. It follows that the plaintiff stated a cause of action under Title 42, U.S.C. Section 1983, and that jurisdiction was vested in the district court to hear the case. See Pred v. Board of Public Instruction of Dade County, Florida, 5 Cir. 1969, 415 F.2d 851, 856, 857; Dorsey v. N.A.A.C. P., 5 Cir. 1969, 408 F.2d 1022, 1024; Moreno v. Henckel, 5 Cir. 1970, 431 F.2d 1299 [September 23, 1970].

The defendants-appellees argue that Dr. Rainey at no time had a valid contract with Jackson State College for the academic year 1970–71,[5] and that Dr. Rainey was not denied employment on unconstitutional grounds.[6] We do not, however, decide on this appeal whether or not appellant will ultimately be entitled to any relief. We decide that he must have his day in court.[7]

Initial decision of the issues presented is properly for the court of original jurisdiction, the district court, upon full hearing and appropriate findings of fact and conclusions of law. Our decision is simply that the facts pleaded by the complaint were adequate to bring the case under the Title 42 U.S.C. Sec. 1983 jurisdiction of a federal district court.

The defendants also claim that they agreed to give Dr. Rainey a hearing on this complaint on September 17, 1970, but that he declined to appear because the hearing was not set for an earlier date. Dr. Rainey's failure to pursue administrative remedies does not preclude him from bringing this action. In *Moreno,* supra, we had occasion to reiterate that the exhaustion of administrative remedies is not a pre-requisite to the bringing of an action under Section

gram, sponsored by the U.S. Office of Economic Opportunity. See Trister v. University of Mississippi, 5 Cir. 1969, 420 F.2d 499.

5. The basic assertion here is that while Dr. Peoples has the authority to nominate persons for faculty positions, the final decision to contract with members of the teaching staff rests with the Board of Trustees. Section 213–A, Mississippi Constitution; Section 6724(f), Mississippi Code 1942.

6. Appellees' brief states that the Board of Trustees concluded that Dr. Rainey's employment would not be in the best interest of Jackson State for the following reasons: (1) Dr. Rainey was an ordained minister of the Gospel and therefore could not devote full undivided attention to his duties as a professor at Jackson State, (2) Dr. Rainey's field was basically religious philosophy and he was seeking employment in the field of English, and (3) that Dr. Rainey had received wide unfavorable publicity from testimony in litigation concerning the motion picture "The Fox". In support of the constitutionality of considering adverse notoriety in hiring teachers, appellees cite Henry v. Coahoma County Board of Education, N.D.Miss.1963, 246 F. Supp. 517, affirmed 5 Cir. 1965, 353 F. 2d 648.

*Henry,* while involving dismissal of a public school teacher, was decided *on the merits,* after full hearing, on dissimilar facts. It affirms rather than rejects the right to judicial inquiry into the constitutional propriety of the motives for a discretionary refusal to employ or recommend re-hiring. See concurring opinion of Judge (now Chief Judge) Brown, 353 F.2d at page 650.

*Henry* affords no support for dismissal for lack of jurisdiction, as occurred in Dr. Rainey's case.

7. See further two decisions of the Court of Claims, Jackson v. United States, 1970, 428 F.2d 844, 192 Ct.Cl. 765, and Swaaley v. United States, 1967, 376 F.2d 857, 180 Ct.Cl. 1, both Title 28, U.S.C., Section 1491 suits for back pay by discharged Federal employees, both alleging discharge for exercising a First Amendment right: petitioning a superior for redress of grievances. *Jackson* was a probationer without tenure rights and the position there taken by the defendant United States closely parallels that asserted by the trial judge in this case. A member of this panel, Judge Nichols, was the organ of the Court of Claims in each instance. We view the reasoning of the two decisions and the authorities cited by them, as *substantially buttressing our* holding here.

1983. See Damico v. California, 389 U. S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647, 648 (1967).

We do not mean by this decision to indicate a view that every teacher employment problem is material for a federal lawsuit. Under the facts alleged *in this case,* however, the federal court had jurisdiction and must proceed to hear the cause.

Upon remand we leave in force this Court's injunction granted September 21, 1970, and clarified September 28, 1970. The injunction will remain in full force and effect until such time as the plaintiff has had an opportunity to apply to the district court for injunctive relief pending a decision of the case on the merits, and the district court's disposition of such motion.

Reversed and remanded for further proceedings not inconsistent with this opinion.