**Ruth HAYES and William J. Hayes, Plaintiffs,**

v.

**CAPE HENLOPEN SCHOOL DISTRICT et al., Defendants.**

**Civ. A. No. 4019.**

United States District Court,
D. Delaware.

April 11, 1972.

---

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, Del., for plaintiffs.

James M. Tunnell, Jr., and Joseph C. Kelly, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants.

## OPINION

CALEB M. WRIGHT, Chief Judge.

This case is one of an increasing number of cases commenced in the federal courts under § 1 of the Civil Rights Act of 1871, now 42 U.S.C. § 1983 concerning the propriety of the dismissal of an individual employed by a governmental entity. After discovery by both parties, the case is presently before the Court on the defendants' motion for summary judgment against both plaintiffs. Jurisdiction is based on 28 U.S.C. § 1343(3).

The plaintiff, Ruth Hayes, was employed by the defendant Cape Henlopen School District (District) and its predecessor, the Lewes Special School District, as a secretary for eleven years.[1]

---

1. On July 1, 1969, the District was formed by the merger of several existing districts including the Lewes Special School District. Mrs. Hayes had been employed by the latter district for ten years and was employed by the District for the 1969–70 school year.

During April 1970, she was notified by the Board of Education of the District (Board) that her contract of employment would not be renewed for the subsequent year. The plaintiff, William J. Hayes, Ruth Hayes' husband, was also employed by the District during the 1969–70 school year. Prior to the 1969 consolidation which resulted in the formation of the District, Mr. Hayes had been employed by the Rehoboth School District, one of the merged school districts. After the merger, he became chairman of the negotiations committee for the Cape Henlopen Department of Classroom Teachers which represented the teachers of the District in negotiations with the Board to establish a professional contract covering salaries, fringe benefits and other matters relative to their employment.

The defendant, R. Robert Mercer (Mercer) was the Superintendent of Schools for the District during the 1969–70 school year, and the other individual defendants were and are members of the Board. Each of the individual defendants has been sued individually and in his official capacity.

The plaintiffs challenge the Board's decision not to renew Ruth Hayes' employment contract as violative of her constitutional rights to procedural and substantive due process under the Fourteenth Amendment. Alleging that the defendants' failure to renew Ruth Hayes' contract was motivated by their "spiteful and revengeful attitude" toward William Hayes as a result of his participation in the Board-teacher contract negotiations, Mr. Hayes claims that his right to freedom of speech was infringed. Mr. Hayes prays damages for violations of his First Amendment rights and the accompanying emotional stress and strain. Mrs. Hayes seeks reinstatement, back pay and restoration of any benefits to which she would have been entitled had her contract been renewed, as well as compensatory and punitive damages for injury to her professional reputation and earning capacity, for expenses incurred, and for emotional stress, pain and suffering.

The defendants' motion for summary judgment is predicated upon several contentions. Initially, they claim that as a government entity the District is immune from suit under § 1983. Arguing that the plaintiffs were offered an opportunity for a hearing before the Board and declined, the defendants claim that the plaintiffs are precluded from seeking relief in federal court by their failure to exhaust available state remedies. In response to Ruth Hayes' claim based upon an alleged deprivation of procedural due process, the defendants raise two contentions: first, absent an asserted abridgement of explicitly recognized constitutional right such as a first amendment right, the Constitution does not mandate that Mrs. Hayes be entitled a hearing to determine the reasons for her non-retention; and second, even if a hearing is constitutionally required, the Board did, in fact, provide an opportunity for a hearing for Mrs. Hayes, but that she failed to avail herself of the procedures provided. The defendants assert that absent an abridgement or infringement of rights explicitly protected by the Constitution, Mrs. Hayes has no right to substantive due process which has been violated even if the decision not to renew her contract is without reason or wholly unsupported by fact. Further, they maintain that the reasons given for non-retention are abundantly supported on the record. Finally, they characterize the plaintiffs' allegations that Mrs. Hayes was not retained as a result of her husband's negotiating activities as completely unsubstantiated in fact on the basis of the depositions and affidavits submitted to date.

## THE FACTS

In the 1969–70 school year Mrs. Hayes was employed under a one year contract by the District as secretary to Mr. Frederick D. Thomas, principal of the Savannah Road and Dupont Avenue Elementary Schools. Her previous employment in

the Lewes Special School District was on a similar basis, and she had no tenure.

At its regular meeting on April 20, 1970, the Board decided not to reappoint Mrs. Hayes on the recommendation of Mr. Mercer. Notification of this decision was transmitted to Mrs. Hayes on April 21, 1970 in a letter signed by Mr. Mercer. The letter stated "your record of attendance coupled with apparent personal problems have undoubtedly contributed to a quality of work that has not measured up to an acceptable level."

Subsequent to receipt of this letter, on June 23, 1970, the plaintiffs' attorney wrote to Mr. Mercer and requested that Mrs. Hayes be afforded a hearing before the Board at which the reasons for her non-retention should be detailed. On July 13, 1970, the Board granted the plaintiff's request and scheduled a hearing for July 29, 1970. Mr. Hayes was present at the July 13th Board meeting and aware of the fact that some action had been taken and a hearing tentatively scheduled for the 29th of July. However, Mr. Hayes testified that he was under the impression that notice of the proposed hearing would be sent to his wife's attorney and procedures finalized through him. Regardless of the exact status of the plaintiff's knowledge of the July 29th meeting, the plaintiffs' attorney was not informed concerning the hearing until he received a telephone call from the Board's attorney on July 24, 1970. Citing the lack of adequate notice for sufficient presentation of his client's case, counsel for plaintiff requested a postponement of the hearing. To rectify any insufficiency in the notice provided plaintiffs' attorney and accommodate his request for time for adequate preparation, the Board rescheduled the hearing for August 5, 1970.

Upon receiving notice of the rescheduled hearing, plaintiffs' counsel promptly advised the Board that the proposed date was unsatisfactory because the Hayes were leaving August 2, 1970 for Florida to visit Mrs. Hayes' critically ill father. In light of the Hayes' trip to Florida, and a subsequent business trip of Mr. Hayes, plaintiffs' counsel requested a postponement of the hearing until the end of August. Since the two previously proposed hearings had been scheduled on Wednesday evenings, the evening of Wednesday, September 2, 1970 was suggested by plaintiffs as a possible alternative date. On July 31, 1970 by telephone and letter, counsel for the defendants advised the plaintiffs' attorney that the Board was unwilling to further protract the matter and would deny the postponement. In late August, after receiving a second request to reschedule the August 5th hearing, the Board reiterated its decision refusing a third hearing date, and thereafter, the instant litigation was commenced.

## IMMUNITY OF DEFENDANTS

The defendants' initial argument is that as a government entity, the District is immune from suit under the Civil Rights Act.

In accordance with the Supreme Court's discussion in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) of the scope of the civil action created by Section 1983, numerous lower courts have held that a school board is not a "person" within the meaning of Section 1983, and therefore, that the section does not create a cause of action for damages against a school district. See Harvey v. Sadler, 331 F.2d 387 (9th Cir. 1964), and Martin v. Davison, 322 F.Supp. 318 (W.D.Pa.1971). Although lower courts are divided concerning whether the Monroe ruling precludes suit against a school board or district for injunctive relief, compare Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970) cert. denied 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 and Gouge v. Joint School District No. 1, 310 F.Supp. 984 (W.D. Wis.1970) with Patton v. Bennett, 304 F.Supp. 297, 299 (E.D.Tenn.1969), this District has ruled, and recently affirmed, an affirmative answer to the question. Shellburne, Inc. v. New Castle County, 293 F.Supp. 237, 240–241 (D. Del.1968); Conway v. Alfred I. DuPont

School District, 333 F.Supp. 1217 (D. Del.1971); and Mathias v. New Castle County Vocational Technical School District, C.A. 4073 (D.Del. September 22, 1971). Thus, this action shall be dismissed in both injunctive and damage aspects against the District.[2]

■ In addition, insofar as the plaintiffs' suit against the individual defendants for damages seeks to obtain a judgment for which the District would be liable, it must fail. The doctrine established by the *Monroe* decision, that Section 1983 was not designed to redress an individual's deprivations at the expense of the public fisc, cannot be circumvented in this indirect fashion. Bennett v. Gravelle, 323 F.Supp. 203 (D.Md.1971), and Mathias, supra.

■ The defendants further argue that the suit must be dismissed as against the Board. However, the plaintiffs have not made the Board a party, but rather, have sued the members of the Board in their official and individual capacities. To the extent that the defendants' argument seeks dismissal of this action against the individual defendants under the doctrine of the *Monroe* case, it is unfounded. Were the plaintiffs to prevail on the merits of their claim, the court could, under Section 1983, order the reinstatement of Mrs. Hayes to her secretarial position. Harkless, supra, 427 F.2d at 323; Mathias, supra. In addition, under Section 1983, the plaintiff can seek personal judgments against the individual defendants for damages. As public offi-

cials exercising discretion while performing their duties, the individual defendants possess a qualified privilege precluding liability for the performance of official responsibilities if undertaken in good faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); 3 Davis, Administrative Law Treatise, § 26.06 (1958); L. Jaffe, Suits Against Governments and Officers: Damage Actions, 77 Harv.L.Rev. 209, 221–222 (1963); Note, Doctrine of Official Immunity Under the Civil Rights Act, 68 Harv.L.Rev. 1229, 1238–1240 (1955). However, the privilege is not an absolute defense and may not bar recovery in the appropriate factual situation. Bennett v. Gravelle, supra. To prevail the plaintiffs must establish the individual defendant's bad faith in the decision not to rehire Mrs. Hayes.

### EXHAUSTION OF STATE REMEDIES [3]

■ The defendant's second argument is that under the rule that available state administrative remedies must be exhausted prior to commencing litigation in federal court to redress an alleged infringement of a constitutional right,[4] the plaintiffs are precluded from prosecuting their present claims.[5] Contending that Mrs. Hayes was offered and refused to attend two hearings granted specifically to accommodate her request to contest her dismissal, the defendants assert that she has forfeited any rights to administrative remedies. Having failed to participate in the ad-

---

2. Since appropriate injunctive relief may be granted against the individual defendants, the practical effect of this divergence of opinion is de minimis.

3. For purposes of the discussion regarding the exhaustion doctrine, the Court will assume that the plaintiffs have in fact been deprived of certain of their constitutional rights by reason of the Board's decision not to rehire Mrs. Hayes. The existence of such constitutional rights and the issue of whether the Board's decision infringed said rights will be discussed subsequently.

4. Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969) cert. denied 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75; see, Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–52, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

5. Mr. Hayes' claims would not be affected by the exhaustion requirement since he seeks only damages for the alleged wrongful termination and infringement of his First Amendment rights, a subject not within the jurisdiction of the Board. Therefore, the Court will discuss the exhaustion issue solely as it relates to Mrs. Hayes.

ministrative procedures provided to her, Mrs. Hayes has allegedly relinquished any cause of action in federal court for the Board's decision *not to rehire her.* See Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948).

The existence of an exhaustion requirement in suits brought pursuant to Section 1983 has been the subject of considerable discussion and disagreement. Whether and in what circumstances exhaustion is a prerequisite to maintain a civil rights case is not at all clear. On the five occasions when the Supreme Court has faced the general exhaustion question, judicial and administrative, in the Section 1983 context, it has refused to establish an exhaustion requirement and has permitted litigants to prosecute Section 1983 actions without prior resort to state judicial or administrative remedies.[6] Although none of the five cases involved factual situations precisely analogous to this case, the Court's discussion regarding the exhaustion issue did not evidence any indication that its conclusion was limited to the particularized situation under review.[7]

In addition, the circuit courts are divided on the breadth of the Supreme Court's decision concerning Section 1983 and exhaustion of state administrative remedies. The Fifth Circuit has held

that a plaintiff is not required to pursue either state judicial or administrative remedies prior to bringing suit under Section 1983.[8] The First, Second and Ninth Circuits have all made exhaustion of administrative remedies a prerequisite to initiate Section 1983 suits in certain situations.[9] The First and Second Circuit Courts distinguished the aforementioned Supreme Court cases by limiting their unqualified language concerning exhaustion and designating each case as one of an already accepted exception *to the general exhaustion requirement;* e. g. the state remedy was inadequate or resort thereto would be futile. The Third Circuit has not resolved the issue, and for the reasons stated below this Court need not decide it herein.

 Regardless of the existence of an exhaustion requirement, it is clear that the failure to resort to state administrative remedies will preclude a Section 1983 suit only when the available administrative remedies are "adequate" or "effective". McNeese v. Board of Education, supra; Eisen v. Eastman, supra, 421 F.2d at 569; Marsh v. County School Board, 305 F.2d 94, 98–99 (4th Cir. 1962). An individual is not obligated to pursue procedures which are inherently futile or which because of existing administrative prejudice would be

---

6. The five cases are: Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); and Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968).

7. The Fifth Circuit in Moreno v. Henckel, 431 F.2d 1299, 1305–1307 (1970) and the Second Circuit in Eisen v. Eastman, 421 F.2d 567–569 discuss the several Supreme Court cases involving the exhaustion doctrine, but reach different conclusions regarding the breadth of the Court's holdings. See generally, 68 Colum.L.Rev. 1201, 1202–1205, Note: Exhaustion of

State Remedies Under the Civil Rights Act (1968).

8. Chisley v. Richland Parish School Bd., 448 F.2d 1251 (5th Cir. 1971); Rainey v. Jackson State College, 435 F.2d 1031 (5th Cir. 1970); Moreno v. Henckel, supra. See also: Ferrell v. Dallas Independent School Dist., 261 F.Supp. 545, 549 (N.D.Texas 1966) aff'd 392 F.2d 697 (5th Cir. 1968), cert. denied 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968); C. Wright, Law of Federal Courts, § 49, n. 6 (2nd ed. 1970).

9. First Circuit: Beattie v. Roberts, 436 F.2d 747 (1st Cir. 1971); Dunham v. Crosby, 435 F.2d 1177 (1st Cir. 1970); Second Circuit: Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969); Ninth Circuit: Whitner v. Davis, 410 F.2d 24 (9th Cir. 1969); Toney v. Reagan, 326 F.Supp. 1093 (N.D.Cal.1971).

unproductive.[10] Although the prequisites to adequate administrative remedies have not been specifically enumerated, the Court is of the opinion that unless the procedures involved provide a practical avenue for an aggrieved party to contest an administrative decision, it is not necessary for that party to exhaust the procedures. Since under Section 1983 an individual seeks to preserve or vindicate federally guaranteed rights, a strong national interest in protecting those rights makes it incumbent upon the federal courts to avoid erecting barriers to prosecution of such suits in federal tribunals. Thus, absent a clear showing that the state administrative procedures afford a realistic alternative for an aggrieved litigant, the exhaustion doctrine should not be implemented. The right to hear and refute evidence presented against oneself, the right to present evidence on one's behalf, the right to call witnesses on one's behalf and the right to an impartial tribunal would most likely be the components of an administrative procedure sufficiently adequate to require exhaustion prior to commencing a suit under Section 1983 to vindicate the interference with a constitutional right.[11] To demand less is to vitiate the Supreme Court's repeated declaration that Section 1983 creates a separate and supplementary remedy for deprivation of constitutional rights.

 ▮▮▮▮ In addition, to be adequate, the procedures must be sufficiently delineated either through statute, regulation or practice to permit the individual and his attorney to accurately assess their responsibilities and opportunities within the administrative process and the probable efficacy of that process. No evidence is available on the record to indicate that the defendants had established any such definitive description of procedures either prior to Mrs. Hayes' request for a hearing or in response to that request. The defendant, Gerald Scheirer, Vice President of the Board when this suit was filed and a member thereof when the decision not to rehire Mrs. Hayes was made, has submitted an affidavit in which he states that he is certain the hearing would have covered the reasons for non-retention, afforded Mrs. Hayes an opportunity to present evidence in her behalf, and permitted confrontation and cross-examination of the Board's witnesses. However, he further states that the Board never considered the specific procedural rights which Mrs. Hayes would be afforded. In a July 27, 1970 letter to the plaintiff's attorney, the counsel for the Board stated that the format and duration of the hearing would not be determined until the Board convened to hear Mrs. Hayes. While the letter indicates that Mrs. Hayes would be permitted to offer written and a "reasonable amount" of oral testimony in her behalf, it certainly suggests that the Board's counsel, at least, does not expect or anticipate a protracted or judicial type proceeding. Although the letter does not specifically preclude Mrs. Hayes the procedures outlined in the affidavit of Mr. Scheirer, it raises an inference that such procedures may not be ultimately utilized.[12] In

10. Litigants have not been required to exhaust administrative remedies in the following situations: biased administrative board—Jeffers v. Whitley, 309 F.2d 621, 627–628 (4th Cir. 1962) ; administrative deadlocks—Order of Railway Conductors v. Swan, 329 U.S. 520, 67 S.Ct. 405, 91 L.Ed. 471 (1947) ; substantial delays— Smith v. Illinois Bell Telephone Co., 270 U.S. 587, 591, 46 S.Ct. 408, 70 L.Ed. 747 (1926).

11. The Court does not intend to dictate the requisite procedures to require prior exhaustion of administrative remedies and the several listed are not intended to be mandatory or exhaustive.

12. The letter states:
 "Until the Board is actually convened and can collectively decide how it will proceed, nobody can be sure exactly how long they will want to sit and how much detail they will want to hear. I feel sure they will accept any written material which you and she may wish to present, and I believe they will probably permit a reasonable amount of oral testimony in behalf of Mrs. Hayes, in addition, of course, to the showing as to

these circumstances, the Court is of the opinion that the available administrative procedures were not sufficiently enumerated to meet the standard of adequacy appropriate to evoke the exhaustion doctrine.

One of the reasons frequently cited for insisting upon exhaustion of state administrative remedies is that the state officials should be given an opportunity to correct erroneous decisions through regulatory processes specifically designed to rectify legitimate grievances.[13] Having acknowledged and responded to the possibility of arbitrary or unreasonable administrative actions by establishing an administrative mechanism with procedures tailored to review and remedy, the state or state administrative agency has a legitimate interest in being afforded an opportunity to implement its apparatus and initiate appropriate corrective measures. In the First, Second and Ninth Circuit cases which required exhaustion of state administrative remedies, the administrative remedies involved were review processes established by statute or administrative regulation which provided specific procedural rights including appeal to an impartial administrative review board.[14] However, as has already been discussed, in this case, there were no such established comprehensive state administrative practices evincing the state's or the administrative agency's concern to provide a channel to rectify errors.[15] Thus, the plaintiffs' failure to exhaust did not invalidate an expressed state interest. Having raised substantial issues concerning the deprivation of substantive constitutional rights, the plaintiffs ought not be required to subject themselves to the uncertainties of an unde-

why her employment should be terminated. I do hope, however, that the proceedings will not become unreasonably protracted. I do not view it as quite the same as a judicial proceeding. "I make these comments simply because you indicated the possibility that you might call as many as 8 witnesses." July 27, 1970 letter from James M. Tunnell counsel for the defendants to Nicholas H. Rodriguez counsel for the plaintiffs.

13. 68 Colum.L.Rev. at 1206–1207. Note, supra, Eisen v. Eastman, 421 F.2d at 567; see also Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

14. See cases cited in footnote 9.
The *Eisen* case involved a challenge to the determination of an administrative officer within and pursuant to the New York City Rent Control Statute and Administration on the ground of bias and distortion of facts. The plaintiff was entitled to a "speedy appeal to a higher administrative officer." 421 F.2d at 569.
One of the First Circuit cases, *Dunham*, 435 F.2d 1177, supra, involved a dismissal of a teacher. The court cited the administrative remedy provided by State Statute, 20 Me.R.Stat.Ann. § 473(4), which provided dismissal "after investigation, due notice of hearing, and hearing thereon . . . ." as self-starting procedures. In *Dunham*, the court refused to allow the defendants to rely on the plaintiff's failure to exhaust administrative remedies when one of the defendants had frustrated and ignored the procedural rights at issue. 435 F.2d 1179–1181. In *Beattie*, 436 F.2d 747, supra, the First Circuit dealt with another Maine statute, 20 Me.R.Stat. Ann. § 161(5) which provided a tenured teacher the opportunity for a hearing, statement of reasons and counsel after a decision not to rehire the teacher was made. The court upheld the dismissal of the plaintiff's suit by the district court on the dual ground of his failure to exhaust available administrative remedies and his failure to raise certain constitutional challenges before the district court. 436 F.2d at 749–751.
Both 9th Circuit cases involved suits concerning dismissals of college teachers. In both, the plaintiff bypassed procedures specifically established and enumerated in college administrative regulations. The procedures in each instance permitted presentation of one's case before an impartial review board. 410 F.2d at 27 and 326 F.Supp. at 1096–1097.

15. The Delaware Legislature has enacted such a comprehensive scheme for dismissals involving tenured teachers. See 14 Del.C. §§ 1401 et. seq. The procedures require notice and establish hearing and appeal processes in which the reasons for dismissal are to be set forth.

fined administrative procedure to vindicate a state interest in an orderly administrative decision making process.

 Further, the issues of freedom of speech and due process raised by the complaint present questions frequently litigated before federal courts. See, P. Chevigny, Section 1983 Jurisdiction: A Reply, 83 Harv.L.R. 1352 (1970). Thus, in this case, the ordinary deference to administrative expertise, which is often cited as a reason for the exhaustion requirement, is not necessarily appropriate.

The existing substantial ambiguity regarding the scope and content of available administrative remedies coupled with the Supreme Court's emphasis of the primary responsibility of the federal judiciary in enforcing federal rights pursuant to Section 1983 necessitate the conclusion that Mrs. Hayes' failure to exhaust administrative remedies does not prevent her from prevailing in this suit.

Having determined that these plaintiffs are not precluded from establishing a claim under the Civil Rights Act for their failure to exhaust state adminis-

trative remedies, the Court must consider the defendants' contention that their decision not to rehire Mrs. Hayes did not violate any of the plaintiff's constitutional rights.

## PROCEDURAL DUE PROCESS

The plaintiffs contend that Mrs. Hayes was denied procedural due process by the Board's refusal to provide her with a list of reasons for her termination and a hearing before the Board. The defendants counter this contention with two arguments. First, they contest the plaintiffs' claim that the Constitution mandates the procedures requested by Mrs. Hayes. Secondly, they contend that through their offer of a hearing, they satisfied any procedural due process requirements constitutionally prescribed.

 The question of what procedures, if any, the Constitution requires to be afforded a public employee whose employment is terminated has been the subject of recent and substantial litigation and has produced a plethora of conflicting opinions.[16] The Supreme Court has recently heard argument in two cas-

16. Courts have reached results ranging from no procedural rights to the right to a hearing and list of reasons for the dismissal regardless of the reasons therefor. Numerous factors, including the existence of tenure or an expectancy of reemployment, the alleged reason for the dismissal, the type of employment, and the probable impact on the individual's ability to pursue his vocation, have been enumerated as factors pertinent to determine the precise procedures required.

The following cases provide several examples of the divergent results reached in this area: Freeman v. Gould Special School Dist., 405 F.2d 1153 (8th Cir. 1969) cert. denied 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93 (1969) (no hearing —internal school matter) ; Sindermann v. Perry, 430 F.2d 939 (5th Cir. 1970) cert. granted 403 U.S. 917, 91 S.Ct. 2226, 29 L.Ed.2d 694 (1971) and Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970) (hearing before dismissal when teacher tenured or has "expectancy of re-employment") ; Pred v. Bd. of Public Instruction, 415 F.2d 851 (5th Cir. 1969) (hearing if alleged dismissal based on constitu-

tionally impermissible reasons) ; Thaw v. Bd. of Public Instruction, 432 F.2d 98 (5th Cir. 1970) (no hearing if non-tenured, no expectancy of re-employment, and no constitutionally impermissible reason for dismissal) ; Drown v. Portsmouth School Dist., 435 F.2d 1182 (1st Cir. 1970) cert. denied 402 U.S. 972, 91 S.Ct. 1659, 29 L.Ed.2d 137 (1971) (entitled to written explanation but no hearing) ; Roth v. Bd. of Regents, 310 F.Supp. 972 (W.D.Wis.1970) aff'd. 446 F.2d 806 (7th Cir. 1971) cert. granted, 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed.2d 181 and Gouge v. Joint School Dist. No. 1, 310 F.Supp. 984 (W.D.Wis.1970) (hearing and list of reasons regardless of reasons) ; Orr v. Trinter, 318 F.Supp. 1041 (S.D.Ohio 1970) (hearing and list of reasons) reversed 444 F.2d 128 (6th Cir. 1971) (no reasons or hearing required for probationary employee) ; Birnbaum v. Trussell, 371 F.2d 672 (2nd Cir. 1966) (hearing where dismissal affects substantial interest other than state employment—e. g. future employability)—see also—Schware v. Bd. of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957).

es raising the procedural due process question as it concerns university instructors,[17] and will undoubtedly resolve much of the existing disagreement. In such circumstances, this Court would ordinarily defer decision on the question of procedural due process on a motion for summary judgment. However, for the reasons stated below, the issue can be determined without reaching the constitutional question.

Unlike the typical procedural due process in a public employment case in which the defendants specifically refuse to provide the plaintiff with the procedures requested, this case presents a situation where the defendants scheduled a hearing at which they intended to present the reasons for Mrs. Hayes' dismissal but she refused to avail herself of the procedures proffered. Although the initial request for a postponement was based on her counsel's contention that the notice afforded him was inadequate,[18] Mrs. Hayes' second request for a rescheduled hearing was based not on an objection to the procedures offered, but rather the unsuitability of the hearing date.

■ It is axiomatic that an individual who voluntarily refuses to participate in a hearing offered by an administrative board waives his procedural due process rights to a hearing and is precluded from subsequently challenging the Board for failing to provide him with a hearing.[19] Thus, unless the Board's refusal to grant a second continuance can be categorized as a denial of a hearing, the cause of action for the

Board's failure to provide Mrs. Hayes with a hearing must be dismissed. Notwithstanding the seriousness of her father's illness and the plaintiffs' understandable desire to visit with him, the Board was certainly well within its discretion to refuse a third hearing date. Traditionally, courts have tolerated considerable discretion on the part of administrative boards in granting or refusing continuances and recesses.[20] Since the 1970–71 school year was scheduled to start in September, it would be imperative that Mrs. Hayes' status be ascertained promptly so an appropriate replacement might be located if necessary. The suggested alternative date of September 2nd would undoubtedly be untenable. The necessity of resolving the matter would be especially important, when, as here, Mrs. Hayes held the only secretarial position in her school.

■ In addition, the Board had already granted one continuance. Although granted at the plaintiffs' counsel's request based on inadequate notice, the continuance did postpone the Board's consideration of Mrs. Hayes' objections and preclude resolution of the district employment situation. Most importantly, the plaintiffs' attendance at and participation in the August 5th hearing would have necessitated only a slight adjustment of their vacation plans and their visit to Mrs. Hayes' father. Since the Board did not abuse its discretion in refusing to postpone the second hearing, it had no obligation to reschedule a third hearing. By the refusal to attend the August 5th hearing, Mrs. Hayes has

---

17. Perry v. Sindermann, 408 U.S. 917, 91 S.Ct. 2226, 29 L.Ed.2d 694 (1971). Roth v. Bd. of Regents, 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed.2d 181.

18. Since the Board agreed to reschedule the hearing at the plaintiffs' counsel's request, the Court need not reach the issue raised by the defendants that the notice given the plaintiffs of the first hearing was adequate, and, therefore, the provision of the first hearing satisfies the requirements of procedural due process sought by the plaintiffs.

19. This is not a case where the plaintiff has challenged specific inadequacies in the hearing provided, e. g. biased decision maker, no cross-examination, etc. In such a case failure to attend the allegedly inadequate hearing would presumably not constitute a waiver.

20. NLRB v. Algoma Plywood & Veneer Co., 121 F.2d 602 (7th Cir. 1941) ; Burnham Trucking Co., Inc. v. United States, 216 F.Supp. 561 (D.Mass.1963) ; see generally, 2 Am.Jur.2d, Admin.Law, § 426 Continuance or Adjournment (1962).

waived any right to a hearing and cannot now establish a claim under Section 1983 predicated upon a denial of a hearing.

Mrs. Hayes' claim that the defendants denied her procedural due process by failing to provide her with a list of reasons for her dismissal is also without merit. Neither Mrs. Hayes nor her counsel ever sought such a list, a prerequisite to protesting the unavailability of a list. The letter of Mrs. Hayes' counsel requesting a hearing indicates that one of the purposes of the hearing should be the enumeration of the reasons supporting the Board's decision. On this basis, the Board intended to delineate the reasons for Mrs. Hayes' dismissal at the scheduled hearing. By failing to attend the hearing, Mrs. Hayes waived her opportunity to require the Board to list the reasons for its decision.

Whatever procedures are constitutionally required, a plaintiff cannot bypass or refuse to participate in those actually provided and subsequently challenge their unavailability. The Board's efforts constitute compliance with the due process procedures sought by the plaintiffs, and their motion for summary judgment against paragraph 7(b) of the plaintiff's complaint is, therefore, granted.

## SUBSTANTIVE DUE PROCESS

The plaintiffs allege that the decision not to rehire Mrs. Hayes was motivated by the Board's desire to retaliate against them for Mr. Hayes' activities as a negotiator on behalf of the teachers in the District. This, they argue, was so arbitrary and capricious as to be violative of substantive due process.[21] The defendants contend that: (a) Mrs. Hayes has failed to state a claim even if their decision was so motivated, and (b),

the facts elicited have demonstrated that their decision was, in fact, based on Mrs. Hayes' inability to satisfactorily perform her responsibilities.

The threshold inquiry is whether the plaintiffs have alleged the infringement of a constitutional right, therefore, whether the requirements of substantive due process preclude the dismissal of a public employee for the reasons cited by the plaintiffs. Mrs. Hayes was not tenured and her contractual relationship does not appear to restrict the defendants' discretion in re-employment decisions. The defendants contend that even assuming that the decision not to rehire Mrs. Hayes was actuated in an effort to retaliate against Mr. Hayes, Mrs. Hayes would not have a constitutional claim under Section 1983.[22] The Court cannot accept this conclusion that the Board's discretion is sufficiently broad to tolerate a dismissal under those circumstances.

As in the question of procedural due process, the extent to which substantive due process applies to governmental employment decisions is unsettled. However, conditioning public employment on the unreasonable relinquishment of rights explicitly embodied in the Constitution is precluded. Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967) and Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952). In addition, an individual may not be dismissed for the reasonable exercise of a constitutional right. Pickering v. Bd. of Educ., 391 U.S. 563, 88 S.Ct. 1731, 20 L. Ed.2d 811 (1968); Sindermann v. Perry, supra; Pred v. Bd. of Public Instruction, supra; and Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966); Drown v. Portsmouth School District, supra; and Boyce v. Alexis I. Dupont

21. The plaintiffs have conceded that the Court should strike paragraph 7(c) of their complaint which alleges that Mrs. Hayes was denied substantive due process because no ascertainable standard was

applied in failing to renew her contract. Thus, the Court need not discuss the issue.

22. Defendants' Letter Brief, p. 5, Docket Item #19.

School Dist., 341 F.Supp. 672 (D.Del. March 23, 1972). Such a dismissal places an impermissible burden on the exercise of a constitutional right. It is clear, therefore, that the employment decisions of public employers are not immune from judicial scrutiny nor permitted to be motivated by any reason whatsoever. Had the defendants terminated Mr. Hayes for his negotiating activities or Mrs. Hayes for the exercise of her freedom of speech, their decision would have violated the plaintiffs' constitutional rights and would be prohibited.[23]

■■ This Court is unable to conceive how the Constitution could countenance a different result when the punitive measures are directed not at the individual exercising the right but at his wife. Such a procedure is, if anything, considerably more invidious and difficult to counteract then direct reprisal. The Court is of the opinion that the theory underlying the holdings in the *Keyishian, Pickering*, etc., cases cited above, mandates that the decision not to rehire Mrs. Hayes could not permissibly be motivated by the Board's desire to retaliate against her husband. Whatever the protections applicable to public employees under the substantive due process provision, the Supreme Court has ac-

knowledged that certain standards or requirements which are patently arbitrary and capricious do not comply with the provisions of substantive due process.[24] A dismissal based on another person's exercise of a constitutional right is so patently arbitrary and capricious to be a deprivation of substantive due process.[25] Thus, if Mrs. Hayes can prove that the Board's decision was so motivated, she will have established a cause of action under Section 1983.[26]

Mr. Hayes has stated a cause of action under Section 1983 since he alleges the deprivation of his right to freedom of speech by reason of his wife's dismissal. His allegations, if proven, would constitute an actionable claim. Pickering v. Bd. of Educ., 391 U.S. at 570–575, 88 S. Ct. 1731; Pred v. Bd. of Public Instruction, 415 F.2d at 856.

■ Under Rule 56(c), the party seeking summary judgment bears the burden of establishing through undisputed evidence, facts sufficient to entitle him to judgment, and the opposing party is entitled to all favorable inferences which can be drawn from the evidence. See 6 Moore, Federal Practice ¶ 56.15 [3] (2nd ed. 1971). Disputed factual issues cannot be resolved on summary judgment. Toebelman v. Missouri-Kan-

---

23. In addition to the case cited previously in the text, see: McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968) (union activity protected) and Hanover Township Fed. of Teachers v. Hanover Community School Corp., 318 F.Supp. 757 (N.D.Ind. 1970) (dismissal for union activity is deprivation of freedom of association).

24. Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952) and Slochower v. Bd. of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956).

 The Court cannot accept the defendants' argument that since Mrs. Hayes is not a teacher, lawyer, or other professional, she should not be afforded the same protection from dismissal predicated on this type of constitutionally impermissible reason. See Boulware v. Battaglia, 327 F. Supp. 368 (D.Del.1971).

25. While the Supreme Court has acknowledged that in certain circumstances the state interest in an orderly administrative process will necessitate an individual's limited curtailment of certain constitutional rights, the defendants' alleged efforts to retaliate against a third party for her husband's negotiating tactics do not constitute an appropriate situation for such a curtailment.

26. In light of this conclusion, the Court need not consider the broader issue of whether a public employee is protected from an unreasonable dismissal under the substantive due process clause, including the effect of an expectancy of re-employment or a lack of tenure. See Chase v. Fall Mountain Regional School District, 330 F.Supp. 388, (D.N.H.1971); Endicott v. Van Petten, 330 F.Supp. 878, (D.Kan.1971); Roth v. Bd. of Regents, supra; and Orr v. Trinter, supra.

sas Pipe Line Co., 130 F.2d 1016 (3rd Cir. 1942). Although the defendants have submitted considerable evidence to demonstrate that Mrs. Hayes was dismissed for her inability to perform her secretarial responsibilities adequately, the plaintiffs have submitted sufficient evidence supporting their contention concerning the reason behind Mrs. Hayes' dismissal to preclude summary judgment. Various discrepancies between the testimony of the plaintiffs and Mr. Thomas and Mr. Mercer exist. In addition, both plaintiffs testified that Mrs. Hayes had performed her job adequately and cited the Board's animosity toward Mr. Hayes as the reason for her dismissal. In cases such as this raising federally protected constitutional claims of substantive due process and freedom of speech, a court should not grant summary judgment if there is the slightest doubt that there remains a disputed, relevant fact. See Sindermann v. Perry, supra, 430 F.2d at 943. With this criterion in mind, summary judgment must be denied on this issue.

The action will be dismissed against the District and against the individual defendants insofar as it seeks money damages for which the District will be liable since the District is immune from suit under the Civil Rights Act. The plaintiffs may, however, proceed against the individual defendants for injunctive relief and for damages.

Summary judgment will be granted for the defendants on sub-paragraphs 7(b) dealing with the alleged deprivation of procedural due process rights for the failure of the defendants to provide the plaintiffs with a hearing and a list of reasons for the dismissal and 7(c) dealing with the alleged deprivation of substantive due process rights for failure to apply a recognized and ascertainable standard in deciding not to renew Mrs. Hayes' contract. Summary judgment will be denied on Mrs. Hayes' remaining claims and on Mr. Hayes' claims.

Submit order in accordance herewith.